**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry Lynn STINSON, Defendant–Appellant.**

**No. 90–3711.**

United States Court of Appeals, Eleventh Circuit.

March 20, 1992.

William M. Kent, Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Ronald T. Henry, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING

Before EDMONDSON, Circuit Judge, DYER and JOHNSON *, Senior Circuit Judges.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

**814**

PER CURIAM:

■ This case is before us on a petition for rehearing. Appellant, Terry Lynn Stinson, argues that the Sentencing Commission's recent amendment to the commentary to U.S.S.G. § 4B1.2, which states that the offense of possession of a firearm by a convicted felon does not constitute a "crime of violence" for career offender purposes, is retroactive and applicable to appellant's sentence.

We earlier determined that the law that was in effect when appellant was sentenced was that possession of a firearm by a convicted felon was categorically a "crime of violence." *United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991). We were not alone in this interpretation of Guidelines § 4B1.2. At least four other circuits have held that, for sentencing purposes, firearms possession by a convicted felon either is a crime of violence or, at least, could in some circumstances be considered a crime of violence. *See United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990) (holding that offense of possession of firearm by felon is "crime of violence" within the meaning of Guidelines § 4B1.2); *see also United States v. Alvarez*, 914 F.2d 915 (7th Cir.1990) (applying a "facts of the case" analysis for whether or not possession of firearm by felon is crime of violence); *United States v. Goodman*, 914 F.2d 696 (5th Cir.1990) (same); *United States v. Williams*, 892 F.2d 296 (3d Cir. 1989) (same). Before the Commission amended the commentary, no circuit court had concluded that section 4B1.2's term "crime of violence" excluded the offense of unlawful possession of a firearm by a felon.[1]

The Commission's alteration consisted of the following sentence, which was added to section 4B1.2's commentary: "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." United States Sentencing Comm'n, Guidelines Manual, Ch. 4, Pt. B,

comment., n. 2 (Nov. 1, 1991). The substance of the Commission's change in the commentary runs directly counter to the substantial volume of precedent interpreting section 4B1.2.

The Commission's amendment did not alter the actual text of section 4B1.2; instead, it merely changed the commentary. The text of section 4B1.2 was exactly the same in October 1989, when appellant committed his offense, as it is now. When we are faced with the question of whether we should reverse our decision and also ignore precedent from other circuits because of a change in guideline commentary, it is crucial to examine closely the appropriate weight to be afforded to the commentary.

The Sentencing Reform Act of 1984, which authorized the guideline system, tells the courts to consider pertinent policy statements issued by the Sentencing Commission that are in effect on the date the defendant is sentenced. 18 U.S.C. § 3553(a)(5). The Guidelines themselves contain a section which specifically addresses the question of what weight is to be given the commentary; U.S.S.G. § 1B1.7 states that "commentary is to be treated as the equivalent of a policy statement." The commentary to section 1B1.7 in turn states that "the courts will treat the commentary much like legislative history or other legal material that helps determine the intent of a drafter." U.S.S.G. § 1B1.7, comment.

■ In general, courts only turn to legislative history when a statute is ambiguous on its face. *See Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). In this case, because section 4B1.2's term "crime of violence" was less than clear, we looked to the commentary to clarify the meaning of "crime of violence." But, when we originally interpreted this section, the commentary was silent about whether possession of a firearm by a felon was to be included as a "crime of violence." This new commentary coming after we had

---

1. Since the amendment, two circuits have relied, in part, on the amendment to the commentary to conclude that a crime of violence does not include "possession of a firearm by a felon."

*See United States v. Fitzhugh*, 954 F.2d 253 (5th Cir. Jan. 28, 1992); *United States v. Johnson*, 953 F.2d 110 (4th Cir.1991).

construed the guidelines, raises the question of what effect should be given a post hoc change in the commentary—or newly created "legislative history"—by the Sentencing Commission.

A brief review of the Sentencing Guidelines enactment procedures seems appropriate. After the Sentencing Commission's initial guidelines were submitted to Congress, and after the prescribed period of congressional review, the guidelines took effect on November 1, 1987. The Commission has the authority to submit guideline amendments each year to Congress between the beginning of a regular Congressional session and May 1. Such amendments automatically take effect 180 days after submission unless a law is enacted to the contrary. 28 U.S.C. § 994(p). Yet, the commentary is never officially passed upon by Congress. According to the enabling statute, Congress is only charged with reviewing the amendments to the guidelines.[2] If there is no change to a particular guideline, but the Commission alters that section's commentary, there is no evidence that Congress reviews it or is even notified of the alteration.[3]

Therefore, we must be mindful of the limited authority of the commentary. We doubt the Commission's amendment to section 4B1.2's commentary can nullify the precedent of the circuit courts. As far as we can tell, at no point has this change been called to Congress's attention, much less, been authorized by Congress. Although commentary should generally be regarded as persuasive, it is not binding.

See *United States v. Elmendorf,* 945 F.2d 989 (7th Cir.1991); *United States v. Pinto,* 875 F.2d 143, 144 (7th Cir.1989). We decline to be bound by the change in section 4B1.2's commentary until Congress amends section 4B1.2's language to exclude specifically the possession of a firearm by a felon as a "crime of violence."[4]

Therefore, we stand by our original interpretation of section 4B1.2: that possession of a firearm by a felon inherently constitutes a "crime of violence." Accordingly, appellant's sentence is affirmed and the motion for rehearing is DENIED.

---

**2.** *See* 28 U.S.C. § 994(p). We assume that the commentary does not go through the same intensive review process as the guidelines themselves, for if they did share the same procedure, there would no basis for a distinction between the guidelines and the commentary; and there would be no reason for them to exist separately or to have the different weight which the guideline commentary, itself, says exists.

**3.** In upholding the constitutionality of the guidelines in the face of a constitutional challenge based on excessive delegation of legislative power grounds, the Supreme Court in *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 666, 102 L.Ed.2d 714 (1989), stated that "the Commission is fully accountable to Congress, which

can revoke or amend any or all of the Guidelines...." We note, however, that there is no mention that Congress has the power to amend directly the guidelines' commentary which we see as uniquely the Commission's work product.

**4.** Of course, it would be equally satisfactory if the Commission changed the text of the guidelines to exclude firearm possession and submitted the altered text for congressional review during the prescribed period. *See* 28 U.S.C. § 994(p). This practice would ensure that Congress passes upon the amendment and that there is no improper delegation of legislative power. *See Mistretta,* 488 U.S. at 394–395, 109 S.Ct. at 666.