**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Calvin CLARK, Defendant–Appellant.**

**No. 92–8002.**

United States Court of Appeals,
Eleventh Circuit.

April 23, 1993.

See also 773 F.Supp. 1533.

Charles T. Erion, Macon, GA, for defendant-appellant.

1. U.S.S.G. § 2C1.1:
   *Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right*
   (a) Base Offense Level: 10.
   (b) Specific Offense Characteristics
       (1) If the offense involved more than one bribe or extortion [as the defendant here contends], increase by 2 levels.

Michael T. Solis, Asst. U.S. Atty., Macon, GA, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Calvin Clark, a Fort Valley, Georgia police officer, pled guilty to accepting bribes for protecting cocaine transactions during a reverse sting operation. 18 U.S.C.A. § 1951 (extortion affecting interstate commerce under official color of law). He argues that his sentence was imposed under an incorrect application of the sentencing guidelines in two respects: *first,* his base offense level should not have been enhanced for abuse of a position of trust, as the position of trust allegedly was inherent in the charge of extortion by an official; *second,* his base offense level should not have been based on the actual amount of drugs involved in the cocaine transaction but only on the amount of drugs he had agreed to protect. Holding *first,* that the abuse of a position of trust is not already included in the base offense level for cocaine transactions, which was employed for sentencing pursuant to a guidelines cross-reference, so that the enhancement here was appropriate; and *second,* that fixing Clark's base level on an amount of drugs involved in the transaction that was reasonably foreseeable is not a due process or separation of powers violation as argued, we affirm.

Clark's base offense level for an extortion conviction under color of official right is directed by U.S.S.G. § 2C1.1.[1] That

(2) ...
(A) If the value of the payment, the benefit received or to be received in return for the payment, or the loss to the government from the offense, whichever is greatest, ex-

guideline, by cross reference, directs that if the offense was committed for the purpose of concealing or obstructing justice in respect to another criminal offense, then U.S.S.G. § 2X3.1,[2] as it would be applied to that other offense, should be used if the base level for the other offense would be greater than the level that would be determined under § 2C1.1. Here, the extortion was committed to conceal or obstruct justice in respect to a drug offense: possession with the intent to distribute more than 50 but less than 150 grams of cocaine base. Section 2X3.1 would set the base offense level for this offense at 26. Since this is greater than the maximum of 14 that would be set by § 2C1.1, the district court properly sentenced Clark under § 2X3.1.

■ The abuse of position of trust enhancement specifies that it is not to be employed if an abuse of trust is included in the base offense level or specific offense characteristic. U.S.S.G. § 3B1.3.[3] The base offense level employed in Clark's case under § 2X3.1 for possession of more than 50 but less than 150 grams of cocaine does not include the factor of abuse of a position of trust. Therefore, the enhancement for abuse of a position of trust under § 3B1.3 was correctly applied. The district court is due to be affirmed on this issue.

■ Clark argues that he only agreed to provide protection for a transaction involving three kilograms of powdered cocaine. As the transaction came down, the agents gave him two cookies of crack (cocaine base) in lieu of a full cash payment for his protection. These cookies contained 69.4 grams of crack, and his offense level,

based on that amount, was four offense levels higher than the offense level for three kilograms of powdered cocaine. Clark contends that this was a due process and separation of powers violation. He also argues that his receipt of the crack was not foreseeable.

■ The separation of powers argument is rebutted by Clark's own citation of authority, *United States v. Richardson,* 925 F.2d 112 (5th Cir.1991). As the court stated in *Richardson,* computation of the offense level based on the amount of payment made by the Government is not an improper grant of power to the executive branch because the district court has authority under the guidelines to exclude any sum that is not "relevant." *Id.* at 117–18. It was not error for the court to determine that the cocaine content of the crack cookies was relevant because Clark accepted these in lieu of a full cash bribe.

■ Clark's due process argument is similarly unsupported. Clark cites *United States v. Foley,* 906 F.2d 1261 (8th Cir. 1990), but in that case the defendant's sentence was improperly calculated based on an amount of contraband that the Government only inquired about. No actual drug transaction took place. In this case, Clark received and held the 69.4 grams of crack offered by the Government.

■ The determination of drug amounts for base offense level is reviewed under the clearly erroneous standard. *United States v. Wilson,* 884 F.2d 1355, 1357 (11th Cir.1989). The district court may resolve the amount of narcotics involved in an offense by a preponderance of

ceeded $2,000, increase by the corresponding number of levels [2 in this case] from the table in § 2F1.1 (Fraud and Deceit). (c) Cross References
....
(2) If the offense was committed for the purpose of concealing, or obstructing justice in respect to, another criminal offense, apply § 2X3.1 (Accessory After the Fact) or § 2J1.2 (Obstruction of Justice), as appropriate, in respect to that other offense if the resulting offense level is greater than that determined above.

**2.** U.S.S.G. § 2X3.1:
*Accessory After the Fact*
"Base Offense Level: 6 levels lower than the offense level for the underlying offense [32 in this case, based on U.S.S.G. § 2D1.1(c) ], but in no event less than 4, or more than 30."

**3.** U.S.S.G. § 3B1.3:

*Abuse of Position of Trust or Use of Special Skill*
If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. If this adjustment is based upon an abuse of a position of trust, it may be employed in addition to an adjustment under § 3B1.1 (Aggravating Role); if this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1 (Aggravating Role).

the evidence. *United States v. Mieres–Borges,* 919 F.2d 652, 662 (11th Cir.1990).

Clark had agreed to provide protection for drug transactions; therefore, his base offense level for extortion provided for a cross-reference to the base offense level for possession of cocaine. Clark accepted two cookies of cocaine base following a mock cocaine transaction. Because Clark was admittedly deeply involved in accepting bribes for protecting cocaine transactions, it was reasonably foreseeable that he would receive payment in the form of cocaine. Thus the district court's determination that there were at least 50 grams involved was not clearly erroneous.

AFFIRMED.