**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Darrell McQUEEN, Defendant–Appellee.**

No. 94–4701.

United States Court of Appeals, Eleventh Circuit.

June 20, 1996.

---

Vincent J. Flynn, Coconut Grove, FL, Scott A. Srebnick, Miami, FL, for defendant–appellant.

Kendall Coffey, U.S. Attorney, Linda Collins Hertz, Harriet R. Galvin, Madeline R. Shirley, Miami, FL, Thomas A. Blair, Asst. U.S. Atty., Ft. Pierce, FL, for plaintiff–appellee.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS*, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

The United States appeals the sentence imposed on defendant Darrell McQueen after his conviction for tampering with a witness. 18 U.S.C. § 1512(b)(3). The sentencing guidelines provide that the ultimate offense level for the crime of tampering with a witness (obstruction of justice) is set by referring to the underlying crime that the defendant was trying to obstruct. This may result in a higher base level than that provided for just tampering with a witness. We must vacate and remand the sentence here be-

* Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

cause the sentencing court incorrectly thought this cross-reference would not apply because the defendant was acquitted of the underlying offense.

Darrell McQueen, the owner of an engineering firm, circumvented city building regulations and rules and received favorable treatment concerning matters pertaining to his business with the help of Carl Dappen, a building official in Indian River Shores, Florida. In return, McQueen paid the tuition at a private high school for Dappen's children.

The FBI began investigating political corruption in Indian River County, Florida, suspecting that bribes had been paid to public officials by engineering firms doing business within the county. Dappen, acting undercover, met with McQueen four times and recorded each conversation. During the conversations, McQueen expressed concern about the tuition paid for Dappen's children, warned Dappen to say nothing to the authorities, and suggested that Dappen, if subpoenaed to testify before the grand jury, should exercise his right not to answer questions under the Fifth Amendment of the United States Constitution.

McQueen was indicted on seven counts of money laundering and one count of tampering with a witness. The jury acquitted McQueen of the seven money laundering counts, but found him guilty of tampering with a witness.

■ The applicable guideline for the crime of tampering with a witness (obstruction of justice), provides a base offense level of 12. U.S.S.G. § 2J1.2(a). The cross-reference provision of that section, § 2J1.2(c)(1) requires that if the offense involved obstructing the investigation or prosecution of a criminal offense, then § 2X3.1 (accessory after the fact) must be applied. Section 2X3.1 (accessory after the fact) provides that the base offense level will be six levels lower than the offense level for the underlying offense. The underlying criminal offense obstructed in this case was money laundering. The money laundering provision § 2S1.1 provided a base offense level of 23. Going down six levels resulted in an adjusted offense level of 17.

McQueen objected to applying the money laundering guideline on the ground that the jury had acquitted him of the seven counts of money laundering. The sentencing judge agreed. "I do rule because McQueen was acquitted of Counts 1 through 7, that the objection to cross-referencing must be sustained.... I will ... work from a base level of 12 rather than 17...." (Record on appeal. Vol. 5, p. 33). Base level 12 provides a guideline range of 10–16 months imprisonment. The court imposed a sentence of ten months imprisonment, followed by three years supervised release during which time defendant would be required to perform community service and pay a $5,000 fine. If the court had used a base level of 17, the guideline range would be 24–30 months imprisonment.

Under United States Sentencing Guideline for obstruction of justice, § 2J1.2, a sentencing court must apply the cross-reference provision, § 2J1.2(c)(1) under the following circumstances:

> If the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, . . .

(Nov. 1, 1993). Section 2X3.1, in turn, directs the sentencing court to compute the base offense level as follows:

> Base Offense Level: 6 levels lower than the offense level for the underlying offense, . . .

The district court held that it could not apply this provision because McQueen had been acquitted of the underlying offense of money laundering. Thus, the court apparently reasoned there was no obstruction of an "offense."

Neither the express language of the provision nor the decisions of this Court supports such an analysis. The language of the cross-referencing provision is mandatory when the offense involves "obstructing the investigation or prosecution of a criminal offense" without any qualification and without regard to whether defendant or anybody else was convicted of the underlying offense, or whether an offense could be shown to have been committed at all. The statement of the

purpose for this cross-referencing provision supports such a reading:

> Use of this cross-reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person. A successful obstruction could well result in the inability of the government to muster enough evidence to prove an offense had been committed.

U.S.S.G. § 2J1.2, commentary, (backg'd).

The decisions of this Court have considered application of this cross-referencing provision, and have applied that provision to the underlying offense without mention as to whether conviction of the underlying offense was required before the provision could apply. *See United States v. Pompey*, 17 F.3d 351, 354 (11th Cir.1994) (where defendant guilty of attempting to bribe a DEA agent to fix a cocaine trafficking charge against his son, court upheld application of cross-reference to § 2X3.1 for underlying drug offense); *United States v. Clark*, 989 F.2d 447, 449 (11th Cir.1993) (where police officer guilty of accepting bribe for protecting cocaine transactions during reverse sting operation, Court upheld application of cross-reference to § 2X3.1 for underlying drug offense).

The district court erroneously focused on the definition of "underlying offense" in § 2X3.1, which applies to a conviction as an accessory after the fact. That definition does not apply for cross-reference purposes. The underlying offense for cross-reference purposes must be defined by the cross-reference statute.

■ McQueen argues that application of the cross-reference provision was barred by this Court's decision in *United States v. Huppert*, 917 F.2d 507 (11th Cir.1990), in which the Court decided under "nearly identical" facts that the cross-reference to § 2X3.1 provision was not applicable. The Court relied on commentary to § 2J1.2(c)(1), which stated cross-referencing is provided because the conduct covered by this guideline is "frequently part of an effort to assist *another* person to escape punishment for a crime [that person] has committed." The court in *Huppert* concluded that the cross-reference

provision was inapplicable when the evidence showed Huppert obstructed an investigation only to assist himself.

After *Huppert* was decided, however, the Sentencing Commission amended the commentary to § 2J1.2 to state that the cross-reference applies when a defendant has acted "to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense." U.S.S.G. § 2J1.2(c)(1), commentary (backg'd) (Nov. 1, 1991). The Commission's stated purpose was to "clarif[y] the types of circumstances to which … § 2J1.2(c)(1) appl[ies]." Amend. 401, U.S.S.G. App. C.

McQueen concedes that the commentary to § 2J1.2 was amended before he committed the offense (from October 28 to November 4, 1992), and that amended commentary is contrary to the district court's decision. He argues, however, that the amended commentary was not then in effect in this Circuit because this Court had held in *United States v. Stinson*, 957 F.2d 813 (11th Cir.1992), that the Court's decision concerning a guideline provision overrode a conflicting subsequent interpretation of that provision in the commentary. The Supreme Court overruled *Stinson*, holding that the Commission's subsequent interpretation of its own guidelines will overrule the otherwise binding construction given by a court. 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

■ McQueen contends, however, since *Stinson* was not overruled until 1993, after he committed the offense, *Huppert* was the law until then, so the application of the amended commentary to the cross-reference provisions violates the Ex Post Facto Clause. It is the Due Process Clause, rather than the Ex Post Facto Clause, that prohibits the judiciary from retroactively applying unforeseeable judicial construction of a criminal statute. *Bouie v. City of Columbia*, 378 U.S. 347, 352–53, 84 S.Ct. 1697, 1702–03, 12 L.Ed.2d 894 (1964). A new judicial doctrine cannot be applied retroactively if it was an "unexpected and indefensible" break from the existing case law, *Bouie*, 378 U.S. at 354, 84 S.Ct. at 1703, or if it marks a significant departure from prior case law, *i.e.*, it an-

nounces a judicial construction that imposes criminal liability for conduct not punishable under previous case law. *Marks v. United States,* 430 U.S. 188, 194–96, 97 S.Ct. 990, 994–95, 51 L.Ed.2d 260 (1977).

The Supreme Court, not this Court, is the final arbiter of the effect of the commentary on the application of the guideline. Its decision in that regard did not overrule any prior Supreme Court precedent. It simply resolved a conflict between the circuits on the point, in effect holding that this Court would be in error not to apply the changed commentary after the *Huppert* decision. *See United States v. Burnom,* 27 F.3d 283 (7th Cir.1994) (concluded that Supreme Court decision, which barred collateral attack of certain state convictions used to enhance a federal sentence, could be applied in present case because, *inter alia,* it did not make punishable any conduct that was previously legal, it did not overrule any other case, and it was a logical extension of an earlier decision).

"That courts have rendered decisions later deemed erroneous by higher authority does not entitle criminal defendants to the benefit of those mistakes. *Bouie* applies only to unpredictable shifts in the law, not to the resolution of uncertainty that marks any evolving legl system." *Id.* at 284 (citation omitted). Thus, the Due Process Clause does not bar the application of the commentary to § 2J1.2 in McQueen's case.

■ McQueen argues that, in any event, the amended commentary is not binding because it is a "plainly erroneous" reading of § 2J1.2(c)(1). A commentary that is a plainly erroneous reading of the guidelines is not binding. *Stinson,* 508 U.S. at 47, 113 S.Ct. at 1920. It is *Huppert* that is an erroneous reading of the guideline however, not the commentary.

■ Simply put, *Huppert* is inapplicable due to the subsequent amendment to the commentary to § 2J1.2, which acknowledges that the cross-reference to § 2X3.1 applies whether the underlying offense was committed by the defendant or another person. U.S.S.G. § 2J1.2, commentary (backg'd). Clearly under *Stinson v. United States,* 508

U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), the commentary to a particular guideline is controlling authority over a prior conflicting judicial interpretation.

■ Finally, McQueen contends that even if the cross-reference provision applies, the Government has selected the wrong offense guideline of money laundering as the underlying offense under § 2X3.1. He argues that the evidence did not establish he was under investigation specifically for the underlying offense of money laundering; that there was no evidence that he attempted to obstruct a money laundering investigation, or that there was even such an investigation ongoing at the time of his obstruction. The claim is meritless in light of the fact that McQueen was indicted on seven counts of conducting a financial transaction involving the proceeds of a specified unlawful activity, bribery, in violation of 18 U.S.C. § 1956(a)(1)(A), a provision entitled "Laundering of monetary instruments." There must have been an ongoing investigation of such offenses if an indictment was issued charging McQueen with committing them. The fact that the grand jury was also investigating other offenses is irrelevant. McQueen is not entitled to select the least serious offense under investigation for purposes of applying the guidelines. U.S.S.G. § 1B1.5, commentary (n. 3) (where cross-referencing required, and more than one offense applicable, the most serious offense is to be used).

McQueen's lack of knowledge of the specific offenses under investigation is irrelevant. Neither § 2J1.2(c)(1) nor § 2X3.1 requires such knowledge as a prerequisite to application of the offense level for the "underlying offense." All that is required is that the "offense involved obstructing the investigation or prosecution of a criminal offense . . . ." § 2J1.2(c)(1). McQueen knew there was a federal grand jury investigation into criminal offenses and that he knowingly and willfully attempted to obstruct it as the jury so found. This is enough to trigger the cross-referencing provisions of the guidelines.

Because the district court did not apply the cross-reference provision of U.S.S.G. § 2J1.2(c)(1), the defendant's sentence is va-

cated and the case remanded for the district court to apply § 2J1.2(c)(1).

VACATED and REMANDED.