United States Court of Appeals,

Eleventh Circuit.

No. 94-6178.

UNITED STATES of America, Plaintiff-Appellee,

v.

Willie PATTON, Jr., Defendant-Appellant.

June 10, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. 91-00258-CB), Charles R. Butler, Jr., Judge.

Before HATCHETT, Chief Judge, ANDERSON, Circuit Judge, and LAY[*], Senior Circuit Judge.

PER CURIAM:

In 1992, Willie Patton, Jr. was convicted of possession of firearms after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Patton's criminal history relevant to his sentencing includes a 1976 conviction for bank robbery and a 1982 conviction for conveying a weapon (an 111/2-inch homemade knife) while confined in a federal prison. The district court[1] sentenced Patton under U.S.S.G. § 2K2.1, which provides a base level of 26 for a firearms possession offense if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The court also applied U.S.S.G. § 4B1.1, which governs the sentencing of "career offenders." A defendant reaches career offender status if he or she (1) is at least eighteen years of age at the time of the offense, (2) commits a felony that is a crime of violence or a controlled substance offense, and (3) has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

In deciding to apply both of these provisions, the district court first held that this court's

[*]Honorable Donald P. Lay, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]Honorable Charles R. Butler, Jr., United States District Judge for the Southern District of Alabama.

decision in *United States v. Stinson,* 957 F.2d 813 (11th Cir.1992) (per curiam), mandated that the instant offenses for felon-in-possession and possession of an unregistered firearm are crimes of violence for purposes of determining career offender status under § 4B1.1. This court in *Stinson* held that a conviction for felon-in-possession is a crime of violence under this provision, notwithstanding Guidelines commentary to the contrary which was added after Stinson was sentenced. 957 F.2d at 815. Second, the sentencing court stated that Patton's 1976 bank robbery offense was indisputably a crime of violence. Finally, relying in part on *Stinson,* the court determined that Patton's 1982 conviction for conveyance of a weapon while in prison was a crime of violence. It noted, "[I]f just mere possession of a firearm after conviction of a felony is a crime of violence, then having a homemade knife in a penitentiary would be a crime of violence." Under this analysis, Patton met the requirements for both § 4B1.1 (the career offender provision) and § 2K2.1 (mandating a base offense level of 26). The court sentenced Patton accordingly to 162 months in prison.

Patton appealed the convictions and his sentence to this court. While the appeal was pending, the Supreme Court reversed *Stinson.* In *Stinson v. United States,* the Supreme Court determined that the plain terms of the amended Guidelines commentary controlled, and therefore that a felon-in-possession offense is not a crime of violence under the Guidelines. 508 U.S. 36, 47, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993); *see also* U.S.S.G. § 4B1.2, comment.(n.2) ("The term "crime of violence' does not include the offense of unlawful possession of a firearm by a felon."). When this court heard Patton's appeal, we affirmed the convictions, but vacated his sentence in light of the Supreme Court's *Stinson* decision. We directed the district court on remand to resentence Patton without applying the § 4B1.1 career criminal provision. The applicability of § 2K2.1, however, remained an open question, because the district court had in part relied on the Eleventh Circuit *Stinson* case to determine that the 1982 conviction was a crime of violence.[2] Thus, we remanded the § 2K2.1 issue "in order to give [the district court] an opportunity to decide whether Patton's prior conviction for conveyance of a knife in a prison is a crime of violence for reasons

---

[2]The parties do not dispute that Patton's 1976 bank robbery offense is a crime of violence under the Guidelines.

unrelated to our now-reversed *Stinson* decision." *United States v. Patton,* No. 92-6392, slip op. at 5, 5 F.3d 1498 (11th Cir.1993) (per curiam) (*Patton I* ).

On remand, the district court again applied § 2K2.1(a)(1), reaffirming its position that the conviction for conveyance of a weapon in prison is a crime of violence. The court sentenced Patton to 120 months imprisonment, to be followed by a three-year term of supervised release. Patton appeals, and we now affirm.

*The Conviction for Conveyance*

Patton disputes the various characterizations of his crime, which is described in at least four places. First, the statute under which he was convicted read in part as follows:

> Whoever conveys into [a federal penal or correctional] institution, or from place to place therein, any firearm, weapon, explosive, or any lethal or poisonous gas, or any other substance or thing designed to kill, injure, or disable any officer, agent, employee, or inmate thereof, or conspires so to do ... [s]hall be imprisoned not more than ten years.

18 U.S.C. § 1792 (1982) (amended 1984). Second, Patton's 1982 Judgment and Commitment Order states that Patton was convicted for "knowingly conveying a weapon, that is, a knife with an approximate length of 111/2 inches, from place to place, within the Federal Correctional Institute at Talladega, Alabama, in violation of [18 U.S.C. § 1792]." Third, Patton's Presentence Report (PSR), in describing his crime, alleges that while being escorted by a correctional officer, Patton was searched and discovered to have the knife hidden up his sleeve. Patton maintains, at he did at his original sentencing, that the knife was found "under a stack of jackets in the shakedown room" while officers were searching him. Finally, this court in its remand order stated that Patton "concealed on his person, while being transferred from one part of a prison to another, a homemade knife which was nearly a foot long." *Patton I,* slip op. at 4.

Patton asserts that the district court inappropriately relied on facts alleged in the PSR but not proven at trial, and on our use of the word "concealed" in the description of his crime. This reliance would violate *United States v. Spell,* where this court made clear that only "the conduct of which the defendant was convicted" is to be the focus of the district court's inquiry. 44 F.3d 936, 940 (11th Cir.1995) (per curiam) (quoting U.S.S.G. § 4B1.2, comment. (n.2)). It is true that in *Patton I,* we stated that Patton "concealed" a weapon, and the district court repeated the statement when making

its findings on resentencing. It is also true that Patton was never convicted of "concealing" a weapon. It is clear from the transcript of the resentencing, however, that the district court was focusing on *conveyance* of a weapon in a federal prison—an action for which Patton indisputably was convicted. After the judge read a description of Patton's crime from the PSR, Patton objected to the "rendition of the facts" contained in the PSR. This exchange followed:

The Court: [But] you were convicted; right?

The Defendant: Yes, I was.

The Court: Well, what difference would it make?

The Defendant: Make a lot of difference. [The Probation Officer is] saying I had it on me. I'm saying that I didn't have it at all.

The Court: You were convicted of conveying it.

The Defendant: Sure, I was.

The Court: Well, I'll have to accept that. I'm not going to go back and retry your case.

This portion of the transcript illustrates that the district court was relying only on Patton's conviction for conveyance, and not facts in the PSR or our erroneous characterization of Patton's crime as "concealment" of a weapon.[3] Thus the court's sentencing conformed with our decision in *Spell,* leaving for our determination whether it was correct in concluding that conveyance of a weapon in federal prison is a crime of violence.

*Crime of Violence Under § 2K2.1*

Section 2K2.1 refers courts to § 4B1.2 for a definition of "crime of violence." Included in the § 4B1.2 definition is any felony offense involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). Patton would have this court hold, under the Supreme Court's decision in *Stinson,* that conveyance of a weapon in a federal prison is sufficiently similar to a felon-in-possession offense to render the former not a crime of violence under the Guidelines. We have difficulty with this request. First, Patton misreads *Stinson* as simply

---

[3]The court's written ruling also buttresses our conclusion. In its Report of Statement and Reasons for Imposing Sentence, the court ruled that "defendant's conviction of Conveying a Dangerous Instrument While Confined In A Federal Institution is a crime of violence."

holding that a felon-in-possession offense is not a crime of violence. The Court in *Stinson* did not weigh the potential risks of possession of a weapon by a convicted felon and decide it was not a crime of violence. Rather, it looked at the plain language of the Guidelines commentary appended to § 4B1.1, and found that the amended commentary specifically exempted felon-in-possession offenses from the definition of crime of violence, and that this amendment is a binding interpretation of the definition. 508 U.S. at 47, 113 S.Ct. at 1920. The focus in *Stinson* was not on the crime of felon-in-possession, but instead on whether the Guideline commentary controlled the sentencing and reviewing courts. *See id. Stinson* therefore cannot inform our analysis in the way Patton desires. We do not have the luxury of specific Guidelines commentary speaking directly to the crime at issue; we must rely instead on our cases and common sense.

Using these, we find, quite simply, that conveyance of a weapon in a federal prison constitutes a crime of violence as that term is defined in § 4B1.2. We have previously held that a conviction for carrying a concealed weapon is a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), *United States v. Hall,* 77 F.3d 398, 401-02 (11th Cir.), *cert. denied sub nom., McKinney v. United States,* --- U.S. ----, 117 S.Ct. 139, 136 L.Ed.2d 86 (1996), while a conviction for felon-in-possession is not. *United States v. Oliver,* 20 F.3d 415, 418 (11th Cir.1994) (per curiam). Though the ACCA and the Guidelines are not interpreted identically, *see id.* at 417, the analysis under the similar phrases "violent felony" and "crime of violence" is nonetheless instructive. Conveying a weapon in federal prison is sufficiently analogous to carrying a concealed weapon outside a prison, and sufficiently distinguishable from mere possession of a weapon outside a prison, to render it a crime of violence under the Guidelines. Conveyance differs from mere possession in that the weapon, whether displayed or concealed, is accessible and available for use. *See Hall,* 77 F.3d at 402 n. 2. It is not difficult to conclude that such an action, when it occurs inside a federal prison where conditions require heightened security, carries with it a serious risk of physical injury, making it a crime of violence under the Guidelines. We therefore affirm the ruling of the district court.

JUDGMENT AFFIRMED.