Opinion on Rehearing

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 97-4893

DEREK YANCEY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-96-20)

Submitted: June 23, 1998

Decided: September 10, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy S. Coyne, FOWLER, GRIFFIN, COYNE & COYNE, P.C.,
Winchester, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Thomas J. Bondurant, Jr., Assistant United States
Attorney, Robbie S. Westermann, Third Year Law Student, Roanoke,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derek Yancey was convicted by a jury of endeavoring to obstruct justice, 18 U.S.C.A. § 1503 (West Supp. 1998), and sentenced to a term of 110 months imprisonment for attempting to create a false alibi after he was charged with murder. Yancey was acquitted of the murder, as well as related robbery, firearms, and drug offenses. He contends that the district court erred in allowing the government to introduce, during rebuttal, statements and a recorded conversation which had been excluded from its case-in-chief. He also contends that the evidence was insufficient to convict him of endeavoring to obstruct justice and he challenges his sentence, arguing that the district court erred in applying USSG § 2J1.2(c), [1] a cross reference to USSG § 2X3.1 (Accessory After the Fact to murder). We affirm the conviction and the sentence.

While Yancey was in custody awaiting trial for murder and the related offenses, he discussed his case with another inmate, Robert Funk, a jailhouse lawyer. Funk wrote to the Assistant U.S. Attorney handling his own case to report that Yancey was trying to involve him in a conspiracy to commit perjury. An agent from the Federal Bureau of Investigation (FBI) met with Funk and his attorney on March 4, 1996. Funk told the agent that Yancey wanted his help in fabricating an alibi. On March 8, 1996, as pre-arranged, Funk called another FBI agent and put Yancey on the phone. The agent was posing as an acquaintance of Funk's who was willing to say, for a fee, that Yancey had been working for him in North Carolina for two weeks in March 1995--the period when the murder and robbery occurred. The telephone conversation was recorded. A week later, Yancey filed a notice of alibi asserting that he was in North Carolina on the date of the murder.

_____

**1** **U.S. Sentencing Guidelines Manual** (1995).

2

Yancey was charged with endeavoring to obstruct justice and the case was consolidated for trial with the other charges. Yancey sought to suppress all evidence relating to his conversations with Funk and the recorded telephone conversation. After a suppression hearing, the district court found that Funk became a government agent on the day the recorded conversation was made. The court excluded the recorded call and all statements made by Yancey to Funk after March 8, 1996, under Maine v. Moulton, 474 U.S. 159, 180 (1985), finding that the recorded conversation had been obtained in violation of Yancey's Sixth Amendment right to counsel because the government created a situation where Yancey was likely to make statements incriminating himself in the murder.**2** However, the court noted that the evidence could be introduced for impeachment purposes should Yancey testify, citing Michigan v. Harvey, 494 U.S. 344, 349 (1990). The court rejected Yancey's claim that his Fifth Amendment right to have counsel present during police-initiated custodial interrogation had been violated, finding that the rights protected by Miranda v. Arizona, 384 U.S. 436 (1966), did not extend to voluntary statements to undercover government agents. See Illinois v. Perkins, 496 U.S. 292, 298 (1990).

During his trial, Yancey testified that Funk initiated the idea of creating a false alibi and that his lawyer also told him he needed to come up with an alibi. In rebuttal, the government called Funk and the FBI agent who spoke with Yancey during the recorded phone call to testify about the call. The government also introduced the tape recording of the call and a letter Yancey wrote later thanking his supposed benefactor.

On appeal, Yancey maintains that the district court erred in permitting the government to introduce the tape recording and other evidence which was excluded from the government's case-in-chief. He acknowledges that, in Michigan v. Harvey, 494 U.S. at 351, the Supreme Court held that a defendant's statement to police may be used to impeach his false or inconsistent testimony even if the statement was obtained in violation of his Sixth Amendment right to counsel. However, he argues that the government's conduct here violated the core value of the Sixth Amendment's constitutional guarantee,

_____

**2** In fact, Yancey did not say anything during the recorded call which implicated him in the murder, the robbery, or the drug offense.

rather than a mere prophylactic rule designed to protect the right to counsel, and thus should have been excluded from rebuttal.

The Sixth Amendment right to counsel attaches once formal charges are initiated. See United States v. Gouveia, 467 U.S. 180, 187 (1984). "The essence of this right . . . is the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial." Harvey, 494 U.S. at 348 (internal citation omitted). After the right has attached, police may not deliberately elicit uncounseled statements from a defendant without an express waiver of the right to counsel. See id.  Similarly, once a defendant has asserted his right to counsel, a waiver of counsel given in a police-initiated discussion is presumed invalid, see Michigan v. Jackson, 475 U.S. 625, 636 (1986), unless the defendant is again given a Miranda3 warning. See Patterson v. Illinois, 487 U.S. 285 (1988). The Jackson rule is a prophylactic rule designed to protect the Sixth Amendment right to counsel at any interrogation occurring after arraignment and to ensure voluntary waivers of that right. See Harvey, 494 U.S. at 350. Statements obtained in violation of the Jackson rule may be used to impeach the defendant's trial testimony, see id. at 351, as may statements obtained in violation of Miranda. See Harris v. New York, 401 U.S. 222, 225-26 (1971).

The district court here equated the Moulton rule with the Jackson rule in holding that Yancey's suppressed statements could be used to impeach his testimony. Yancey provides no authority that the court was wrong in doing so. Reviewing the court's decision under the harmless error standard, see Tuggle v. Netherland, 79 F.3d 1386, 1392 (4th Cir. ), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3263 (U.S. Oct. 7, 1996) (No. 96-5364), we have difficulty in finding that any error occurred. Assuming, arguendo, that an error occurred, it was harmless because it did not affect the outcome of the trial. The harmless error standard for constitutional issues on direct appeal is "whether the error `was harmless beyond a reasonable doubt.'" Tuggle, 79 F.3d at 1392 (quoting Chapman v. California, 386 U.S. 18, 22 (1967)). "[A] constitutional error may not be declared harmless if there is a `reasonable possibility' that the`error contributed to the verdict.'" Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637

_____

3 **Miranda v. Arizona**, 384 U.S. 436 (1966).

4

(1993)). Yancey was acquitted of all the charges on which his right to counsel had attached when he attempted to create the false alibi.

Yancey argues that the introduction of the tape recording of his conversation with the undercover agent was not harmless because it made Funk's testimony more credible and thus created a reasonable possibility that constitutional error affected the verdict on the obstruction of justice count. This argument is meritless because Yancey's Sixth Amendment right had not attached with regard to the obstruction charge and evidence of the recorded call could have been introduced in the government's case-in-chief had Yancey been tried separately on that charge. See Moulton, 474 U.S. at 179-80 & n.16 (incriminating statements obtained in violation of the Sixth Amendment relating to pending charges must be excluded in trial of those charges but may be admitted in trial for the other crimes); Perkins, 496 U.S. at 299 (once charge has been filed, use of undercover agent to interfere with defendant's right to counsel is error). The evidence was excluded only because Yancey was placed in a position where he might have incriminated himself in the murder, robbery, or drug offenses with which he had been charged, outside the presence of his attorney and without making an express waiver of his right to counsel. Error in the admission of Yancey's suppressed statements on rebuttal could occur only with respect to the murder, robbery, and drug charges. Because Yancey was acquitted of those charges, any error was necessarily harmless.[4]

Yancey next argues that the evidence was insufficient to prove beyond a reasonable doubt that he obstructed justice. A conviction will be upheld "if there is substantial evidence, taking the view most favorable to the Government, to support . . . the conviction." United States v. Guay, 108 F.3d 545, 553 (4th Cir. 1997) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). Here, the government was required to prove that Yancey had "knowledge or notice of a pending judicial proceeding and acted . . . with the intent to influence,

_____

[4] Yancey contends that, in the event his case is remanded for a new trial, this court should find that the government's dealings with him through Funk violated his Fifth Amendment right against police-initiated uncounseled interrogation after he had asserted his Miranda right to counsel. We need not address this issue.

5

obstruct, or impede that proceeding in its due administration of justice." United States v. Littleton, 76 F.3d 614, 619 (4th Cir. 1996). Although Funk testified that Yancey initiated the scheme to set up a false alibi, Yancey maintains that Funk was not a credible witness. The jury's decision concerning the credibility of witnesses is not reviewable on appeal. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995). Given that the jury found Funk more credible than Yancey, the evidence was sufficient to support the conviction.

Finally, Yancey argues that the district court erred in applying USSG § 2J1.2(c) and USSG § 2X3.1 (Accessory After the Fact) to determine his sentence. Because the issue is a legal one involving application of the sentencing guidelines, our review is de novo. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

Guideline section 2J1.2(a) provides a base offense level of 12, but subsection (c) states that, "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense,[the court should] apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater." Section 2X3.1 provides for an offense level 6 levels lower than the offense level for the underlying offense, but no more than 30. Finding that Yancey had attempted to obstruct the prosecution of a criminal offense involving first degree murder (base offense level 43), the district court applied the cross reference and determined that Yancey's offense level was 30.**5** See United States v. Aragon, 983 F.2d 1306, 1315 (4th Cir. 1993) (section 2J1.2(c) applies to conviction for endeavoring to obstruct justice).

Yancey argues that the cross reference should not apply because (1) he obstructed justice to protect himself, not someone else, and (2) he was not guilty of murder. He relies on United States v. Huppert, 917 F.2d 507 (11th Cir. 1990), which held that the cross reference was inapplicable when the defendant obstructed an investigation to protect only himself. We took the same approach until the commentary to USSG § 2J1.2 was amended in 1991. See United States v. Pierson, 946 F.2d 1044, 1047-49 (4th Cir. 1991) (following Huppert in limiting application of USSG § 2X3.1 to cases in which defendant

_____

**5** Yancey received a 2-level adjustment for acceptance of responsibility, see USSG § 3E1.1(a), which reduced his offense level to 28.

makes false statements to assist other persons). After the 1991 amendment we held, in <u>United States v. Heater</u>, 63 F.3d 311, 330-31 (4th Cir. 1995), that the cross reference applied to a defendant who obstructs justice to protect himself and that <u>Pierson</u> was no longer good law. Yancey acknowledges the holding in <u>Heater</u>, but argues that <u>Heater</u> is not controlling because he "did not commit the underlying offenses as evidenced by his acquittal of the drug, murder and robbery charges." Yancey states that "the District Court essentially found that the Defendant did not commit the crime of murder." In fact, the district court did not make such a finding in the course of determining Yancey's sentence. In deciding whether the cross reference applied, the court stated, "I believe that whether he was, in fact, guilty of the underlying offense is not the issue at this point, that the question is what was the underlying offense concerning which he . . . attempted to create a false alibi, and that offense was murder." Only later, after applying the cross reference, determining the guideline range, and deciding not to depart, did the judge state that the evidence had not convinced him that Yancey was guilty of murder.

In any case, the cross reference applies when the defendant's "offense involved obstructing the investigation or prosecution of a criminal offense," <u>see</u> USSG § 2J1.2(c)(1), regardless of "whether defendant or anybody else was convicted of the underlying offense or whether an offense could be shown to have been committed at all." <u>United States v. McQueen</u>, 86 F.3d 180, 182 (11th Cir. 1996). The application of USSG § 2X3.1 "is intended not to treat the defendant as having committed the underlying offense, but to weigh the severity of one's actions in obstructing justice based on the severity of the underlying offense that was the subject of the judicial proceeding sought to be obstructed, impeded or influenced." <u>United States v. Brenson</u>, 104 F.3d 1267, 1285 (11th Cir.), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3261 (U.S. Oct. 6, 1997) (No. 97-5252). Therefore, we conclude that the district court properly applied the cross reference in Yancey's case.

Accordingly, we affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7