**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROY THOMAS,

Defendant - Appellant.

No. 05-8070

D. Wyoming

(D.C. No. 04-CR-119-ABJ)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Troy Thomas was sentenced to 151 months' imprisonment after pleading guilty to drug charges. His counsel has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. The brief raises two issues: (1) that he should not have been sentenced as a career offender because one of the offenses used to establish that status—possession of a shank in

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prison—is not a crime of violence, and (2) that his sentence was unreasonable. The brief explains, however, why the two issues have no merit. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. After reviewing the record, we agree that there are no meritorious issues for appeal, grant the motion to withdraw, and dismiss the appeal.

On July 12, 2004, Mr. Thomas pleaded guilty in the United States District Court for the District of Wyoming to one count of conspiracy to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C § 2. Mr. Thomas's presentence report (PSR) determined that he was a career offender under United States Sentencing Guidelines (USSG) § 4B1.1, based on a prior drug conviction (conspiracy to distribute cocaine) and a prior federal conviction for possession of a prohibited object in prison, 18 U.S.C. § 1791(a)(2). The PSR calculated the appropriate Guidelines range for Mr. Thomas's sentence to be 151 to 188 months' imprisonment.

Mr. Thomas objected to the PSR's determination that he was a career offender on the ground that his possession of a prohibited object in prison was not a crime of violence under the Guidelines. At sentencing, however, his counsel acknowledged that the judgment in that case stated: "Nature of Offense: Possession of a prohibited object, to wit, a makeshift metal object commonly

-2-

referred to as a shank, in a federal correctional institution." R. Vol. III at 10. The district court rejected his objection, adopted the Guidelines range calculated by the PSR, and imposed a sentence of 156 months' imprisonment. Mr. Thomas appealed the sentence, and the government agreed to a remand for resentencing because the district court had applied the Guidelines mandatorily, in violation of *United States v. Booker*, 543 U.S. 220 (2005).

At resentencing the district court again rejected Mr. Thomas's objection to his categorization as a career offender and adopted the PSR's calculated Guidelines range of 151 to 188 months' imprisonment. It considered several mitigating factors under 18 U.S.C. § 3553(a), such as Mr. Thomas's difficult childhood and his mother's drug addiction, and determined that Mr. Thomas required "special deterrence" to prevent him from committing "further violations of the law for a lengthy period of time." R. Vol. IV at 44. It then imposed a sentence of 151 months' imprisonment, the bottom of the Guidelines range.

Mr. Thomas appealed again. In compliance with *Anders*, counsel provided Mr. Thomas with a copy of his appellate brief and Mr. Thomas filed a pro se reply. The two issues raised in the *Anders* brief are whether possession of a prohibited object (a "shank") while in prison constitutes a crime of violence under the Guidelines, and whether Mr. Thomas's sentence was reasonable. In his reply Mr. Thomas argues only that he should not have been categorized as a career offender.

Under USSG § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

There is no question that conditions (1) and (2) were satisfied and that Mr. Thomas has a prior felony conviction of a controlled-substance offense. The sole question before us is whether his prison conviction was for a crime of violence.

The Guidelines' definition of *crime of violence* includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a)(2). We agree with the other circuits to address the matter that possession of a prohibited weapon in prison is a crime of violence under § 4B1.2(a). *See United States v. Kenney*, 310 F.3d 135, 137 (3d Cir. 2002) (possession of a weapon in prison "inherently . . . presents a serious potential risk of physical injury to other persons in the prison" and is therefore a crime of violence) (internal quotation marks omitted); *United States v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998) ("Possession of a weapon in prison, by itself, implies a violent act. . . . [T]here is simply no acceptable use for a weapon by an inmate in a prison for there always exists in such possession the serious potential risk of

-4-

physical injury to another." (internal quotation marks omitted)); *see also United States v. Patton*, 114 F.3d 174, 177 (11th Cir. 1997) ("Conveying a weapon in federal prison" entails a "serious risk of physical injury, making it a crime of violence under the Guidelines."); *United States v. Young*, 990 F.2d 469, 472 (9th Cir. 1993) (possession of a "shank" in violation of California statute prohibiting possession of deadly weapons in prison is a crime of violence under the Guidelines). Indeed, we have held that conveying a weapon in prison is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because it is "'conduct that presents a serious potential risk of physical injury to another,'" *United States v. Romero*, 122 F.3d 1334, 1340-41 (10th Cir. 1997) (quoting 18 U.S.C. § 924(e)(2)(B)). The quoted language from § 924(e)(2)(B) is identical to the language we rely on in § 4B1.2(a)(2).

As for the reasonableness of Mr. Thomas's sentence, we recently held that if a district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable. The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). We have rejected Mr. Thomas's only challenge to the calculation of the Guidelines range, and we see no reason why the sentence imposed was unreasonable.

We AFFIRM Mr. Thomas's sentence and GRANT counsel's motion for withdrawal.  Mr. Thomas's motion for appointment of new counsel is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge