**UNITED STATES of America**

v.

**Herbert LUSTER, Appellant.**

**No. 01–3730.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 3, 2002.

Filed Sept. 24, 2002.

Bonnie R. Schlueter, James H. Love, Office of the United States Attorney, Pittsburgh, PA, for Appellee.

---

Martin A. Dietz, Anthony M. Mariani, P.C., Pittsburgh, PA, for Appellant.

Before ROTH and STAPLETON, Circuit Judges, and POLLAK,* District Judge.

## OPINION OF THE COURT

STAPLETON, Circuit Judge.

Herbert Luster appeals his sentence of 110 months resulting from his plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Luster argues that the District Court erroneously calculated his offense level by counting a prior felony conviction for escape from prison as a crime of violence. Whether a particular crime constitutes a crime of violence is a question of law and our review is plenary. *See United States v. Dorsey,* 174 F.3d 331, 332 (3d Cir.1999).

Section 2K2.1 of the United States Sentencing Guidelines (U.S.S.G.) provides the base level offense for Luster's firearm conviction. It stipulates a base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," U.S.S.G. § 2K2.1(a)(4)(A), and a base level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 2k2.1(a)(2). Finding that Luster had a 1995 conviction for felony escape[1] and a

---

\* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Luster was convicted under 18 Pa. Cons. Stat. § 5121 for escape in the third degree. In Pennsylvania, one commits the crime of escape if "he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa. Cons.Stat. § 5121(a). It is a third degree felony when:

> (i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

1999 conviction for possession of marijuana with intent to distribute, the District Court applied the four-level enhancement. After making other adjustments to Luster's offense level, none of which are contested on appeal, the District Court determined that his total offense level was 25, which yielded a guideline range of 100–137 months. Luster does not contest that his 1999 marijuana conviction constitutes a controlled substance offense.

The Sentencing Guidelines define a "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Application Note 1 to § 4B1.2(a) as it read at the relevant time explained that a:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved the use of explosives

(including any explosive material or destructive device) or, by its nature, presented serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, app. note 1 (2001).

The District Court concluded that escape is neither an enumerated offense nor a crime that has the use of force as a necessary element under Pennsylvania law. It held, however, that the crime of escape, "by its nature, present[s] a serious potential risk of physical injury to another."

Luster emphasizes, as the government concedes, that he "simply absented himself from the place of confinement without being privileged to do so" and that "there was [no] violence involved with the actual escape." App. at 21–22, 24. According to Luster, the District Court thus erred in failing to conclude that his escape did not involve a serious potential risk of physical injury.

■ Based upon the Application Note's express reference to "the conduct set forth (i.e., expressly charged) in the count of" conviction, we have held that a sentencing court in applying the last clause of U.S.S.G. § 4B1.2(a)(2) should not look to all of the conduct underlying the defendant's conviction. Rather, "a sentencing court should look solely to the conduct alleged in the count of the indictment charging the offense of conviction in order to determine whether that offense is a crime of violence." *United States v. Joshua*, 976 F.2d 844, 856 (3d Cir.1992); *see also United States v. Taylor*, 98 F.3d 768 (3d Cir.1996).

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

*Id.* at § 5121(d)(1). All other escapes are felonies in the second degree. *See id.* at § 5121(d)(2).

Here, the count of conviction charged in full as follows:

The District Attorney of Allegheny County by this information charges that on (or about) July 11, 1995 in the said County of Allegheny HERBERT LUSTER, hereinafter called actor, did commit the crime or crimes indicated herein, that is: Count 1 Escape Felony 3: The actor unlawfully removed himself or herself from official detention, namely The Renewal Center, the said actor having been convicted of the crime of receiving stolen property, in violation of Section 5121(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. § 5121(a). All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

Like many charging documents, this one closely tracks the language of the statute and, in the context of an inquiry into the nature of the offense, provides little information beyond the elements of the offense. "Therefore, we are left with analyzing the nature of the [statutory] offense itself." *United States v. Pierce,* 278 F.3d 282, 286 (4th Cir.2002). If we "cannot glean the circumstances surrounding the defendant's commission of the crime from the indictment, the question ... becomes whether that crime, *"in the abstract"* involves conduct that presents a serious potential risk of physical injury to another." *United States v. Dickerson,* 77 F.3d 774, 776 (4th Cir.1996) (emphasis added).

This means that despite Luster's erroneous view that the sentencing court was required to look to underlying conduct, he correctly poses the ultimate issue for resolution. If Pennsylvania's felony escape statute extends to a substantial category of cases which do not present a substantial risk of physical injury, that crime "by its nature" does not do so. Since the statute clearly extends to a "walk away" from custody not involving any contemporary violence, the relevant issue is equivalent to the one he posed to the District Court: "Did my kind of escape present a serious potential risk of physical injury."?

We hold that the answer to Luster's question is yes. Escape is a continuing crime; it does not end when the escapee completes the act of leaving a correctional facility. Rather, the escapee must continue to evade police and avoid capture. As the Tenth Circuit noted, an escapee "is likely to possess a variety of supercharged emotions, and in evading those trying to recapture him, may feel threatened by police officers, ordinary citizens, or even fellow escapees. Consequently violence could erupt at any time." *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir. 1994). Thus, "every escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so." *Id.*

Every circuit to consider this issue has reached the same conclusion. *See United States v. Hairston,* 71 F.3d 115, 118 (4th Cir.1995); *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999); *United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir.1999); *United States v. Nation,* 243 F.3d 467, 472 (8th Cir.2001); *Gosling,* 39 F.3d at 1142; *United States v. Gay,* 251 F.3d 950, 954 (11th Cir.2001).

We hold that the conduct set forth in Luster's count of conviction by its nature presents a serious potential risk of physical injury to another. Accordingly, we find no error in the District Court's determination that Luster had two prior felony convictions of a crime of violence and its judgment will be affirmed.