

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2002

# USA v. Kenney

Precedential or Non-Precedential: Precedential

Docket No. 01-4318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Kenney" (2002). *2002 Decisions.* Paper 708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 7, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4318

UNITED STATES OF AMERICA

v.

JOHN C. KENNEY,
        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 99-cr-00280)
Honorable James F. McClure, District Judge

Submitted under Third Circuit LAR 34.1(a)
October 18, 2002

BEFORE: ROTH and GREENBERG, Circuit Judges,
and WARD,* District Judge.

(Filed: November 7, 2002)

Martin C. Carlson
United States Attorney
Frederick E. Martin
Assistant United States Attorney

_____

* Honorable Robert J. Ward, United States District Judge for the
Southern District of New York, sitting by designation.


Herman T. Schneebeli Federal
 Building
240 West Third Street, Suite 316
Williamsport, PA 17701-6465

 Attorneys for Appellee

Jeffrey C. Dohrmann
Rieders, Travis, Mussina,
Humphrey & Harris
161 West Third Street
P.O. Box 215
Williamsport, PA 17703

 Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge:

This matter comes on before this court on John Charles Kenney's appeal from a judgment of conviction and sentence entered in this criminal case on November 21, 2001. A grand jury indicted Kenney, a federal inmate, on charges of assaulting a corrections officer, 18 U.S.C. S 111(a)(1), resisting a corrections officer, 18 U.S.C. S 111, and possession of contraband by an inmate, 18 U.S.C. S 1791(a)(2). At trial the jury found him not guilty on the two section 111 counts but convicted him on the contraband count. The district court at sentencing determined that Kenney's conviction for possession of the contraband, a razor blade inside a matchbook, was for a crime of violence as defined in U.S.S.G. S 4B1.2(a)(2) and thus in view of Kenney's criminal history he was a career offender within the meaning of U.S.S.G. S 4B1.1. Accordingly, taking into account a 2-level reduction for acceptance of responsibility, his guideline sentencing level was 15 which, with a criminal history category of VI, yielded a guideline range of 41 to 51 months. The court sentenced Kenney to a 41-month custodial term to be served consecutively to the sentence he already was serving but did not impose a period of supervised release because a district court earlier had required Kenney to serve a term

2

of supervised release following his completion of the custodial term he then was serving. Kenney appeals, challenging only his sentence, asserting that his section 1791(a)(2) conviction was not for a crime of violence and thus he is not a career offender. We exercise plenary review on this appeal. See United States v. Luster, 305 F.3d 199, 200 (3d Cir. 2002).

In view of the limitation on the scope of the appeal the sole question that we must answer is whether Kenney's conviction for possession of contraband was for a "crime of violence" within U.S.S.G. S 4B1.1, as defined in U.S.S.G. S 4B1.2(a)(2). The material facts are that Kenney, an inmate at the United States Penitentiary at Allenwood, Pennsylvania, was involved in an altercation which led to a search of his possessions in which the prison guards discovered the razor blade inside the matchbook. There is no suggestion, however, that Kenney used the razor blade in the conduct leading to the section 111 charges.

Under U.S.S.G. S 4B1.2(a)(2) a crime of violence includes, inter alia, an offense that "involves conduct that presents a serious potential risk of physical injury to another." The Commentary in Application Note 1 to the section indicates that a "crime of violence" includes an offense that "by its nature, presented a serious potential risk of physical injury to another." Even though Kenney points out that he did not use the weapon against anyone else and argues that his reason for having the weapon was potentially to injure only himself, clearly we should review this matter categorically as the Sentencing Commission was concerned with the "nature" of the offense.

We reject Kenney's argument as we are satisfied that whatever an inmate's intentions his possession of a weapon in a prison inherently, and accordingly "by its nature," presents "a serious potential risk of physical injury" to other persons in the prison. See, e.g. , United States v. Vahovick, 160 F.3d 395, 396-98 (7th Cir. 1998); United States v. Patton, 114 F.3d 174, 176-77 (11th Cir. 1997); United States v. Young, 990 F.2d 469, 472 (9th Cir. 1993); cf. United States v. Romero, 122 F.3d 1334, 1340-41 (10th Cir. 1997) (holding that conveying a weapon in a federal prison is a "violent felony" within the Armed Career

3

Criminal Act). Therefore we hold that Kenney's subjective reasons for having the weapon are immaterial in the context of this case. Finally, we note that our result is consistent with our recent opinion in Luster in which we held that a felony conviction for escape was for a crime of violence even though the defendant simply absented himself from his place of confinement without using actual violence to make good his escape. Luster, 305 F.3d at 202.

The judgment of conviction and sentence entered November 21, 2002, will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

4