

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# USA v. Neal

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1199

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Neal" (2006). *2006 Decisions.* Paper 1226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1199

———————

UNITED STATES OF AMERICA

v.

BRYAN NEAL,

Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00007)
District Judge: Honorable Christopher C. Conner

———————

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2006

Before: AMBRO and BECKER, <u>Circuit Judges</u>,
and STAGG,[*] <u>District Judge</u>

(Opinion filed April 25, 2006)

———————

OPINION

———————

AMBRO, <u>Circuit Judge</u>

———————————

[*]Honorable Tom Stagg, Senior District Judge for the Western District of
Louisiana, sitting by designation.

On October 12, 2004, Bryan Neal was convicted by a jury of possession of a firearm by a convicted felon. As a result, the District Court sentenced him to 55 months in prison. Neal appeals his conviction and sentence. Neal's appointed counsel on appeal filed an *Anders* motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. Because we agree that Neal presents no meritorious issues on appeal, we affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.

**I.**

Under *Anders v. California*, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." *Id*. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," *id*., "explain[ing] to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," *id*. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise nonfrivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000). Neal was notified of his right to file a *pro se* brief and he did so.

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief." *United States v.*

*Youla*, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible non-frivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's *Anders* motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," *id*. at 438 n.10.

**II.**

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. On January 7, 2004, a federal grand jury returned a two-count indictment against Neal, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count one), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (count two). The charges arose out of an incident that occurred on October 1, 2003, during which Neal removed a gun from a man with whom he had been drinking and kept it with himself several hours until the police arrested him at a nearby rooming house. Neal conceded that he took the gun from his drinking associate, but argued that he did so because his associate was drunk, belligerent and brandishing the gun in a way that made Neal fear for his life and the lives of others. Neal filed two substantive motions in *limine*—one requesting that the Court exclude any

3

evidence of his prior criminal history and one requesting that the Court include in its jury instructions a charge concerning the defense of justification—both of which were granted by the District Court.[1]

The jury acquitted Neal on count two but, as noted above, convicted him on count one. Although he argues in his *pro se* brief that an "appeal should be allowed in order to preserve an irrationality challenge to the conviction," we agree with defense counsel that there are no nonfrivolous appellate issues going to the validity of Neal's conviction, particularly provided that all evidentiary issues were decided in his favor.

At sentencing, the District Court made findings of fact largely crediting Neal's version of his offense conduct, stating:

> The court credits the defendant's explanation of the circumstances of the underlying offense. He went to a friend's home by invitation after both of them had used substantial quantities of drugs and alcohol. When the defendant arrived, his friend appeared agitated and disturbed, likely from the drug abuse, and began waving a firearm . . . . The defendant justifiably felt threatened by his behavior. He took the gun and ran. While the defendant should not have engaged in the drug and alcohol abuse that led to this situation, it was reasonable for him to take the firearm under the circumstances as they developed.

Neal lodged three objections to his presentence report. First, he complained that his prior Pennsylvania conviction of escape was not a "crime of violence" within the

---

[1]The District Court did not charge the jury with the precise text regarding justification that the defense initially requested, but the defense did not object to the justification charge given. In any event, Neal does not raise any issue concerning the justification charge in his *pro se* brief. While this issue is thus waived, there is no doubt that the charge given was without error.

4

meaning of U.S.S.G. § 2K2.1(a)(4)(A) because that escape involved only his failure to return from his work-release job to the work-release facility where he was housed. Second, he submitted that because the jury had found him not guilty of possessing a stolen firearm, he should not receive a two-level upward adjustment on the basis that the firearm was stolen pursuant to U.S.S.G. § 2K2.1(b)(4). Finally, he argued that, because he admitted possessing the firearm at trial, he was entitled to a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The District Court overruled each of these objections, adopted the presentence report's Sentencing Guidelines calculations indicating that Neal's applicable range was 110 to 120 months imprisonment, and then departed downward by more than fifty percent, sentencing Neal to 55 months imprisonment.

On appeal, Neal maintains that the District Court erred (1) by applying a two-level upward adjustment after finding that the firearm was stolen and (2) by refusing to apply a downward adjustment for acceptance of responsibility.[2] As for his first argument, Neal contends that once a defendant is found not guilty of certain conduct under the beyond a reasonable doubt standard by a jury, the prosecution should not be permitted to use this

_____

[2]Neal does not re-raise his contention that his Pennsylvania escape conviction does not constitute a crime of violence for Guidelines purposes. In any event, that argument is foreclosed by our holding in *United States v. Luster*, 305 F.3d 199, 200 (3d Cir. 2002), *cert. denied*, 538 U.S. 970 (2003) (holding that escape is a "crime of violence" for guidelines purposes because "by its nature [escape] presents a serious potential risk of physical injury to another").

5

same conduct, considered now using the lower preponderance of the evidence standard, to enhance that defendant's sentence.  The Supreme Court, however, has held expressly that an acquittal on a charge does not prevent the District Court from considering at sentencing the underlying conduct so long as it has been proven by a preponderance of the evidence.  *United States v. Watts*, 519 U.S. 148, 157 (1997) (*per curiam*) (holding that defendant's acquittal of using a firearm in relation to a drug trafficking crime by a jury did not preclude sentencing court from determining that firearm was possessed in furtherance of possession of cocaine base with intent to distribute).[3]  Thus, we reject Neal's argument that his sentence could not be adjusted under § 2K2.1(b)(4) for

---

[3]Some courts have concluded that *Watts* is in tension with *United States v. Booker*, 543 U.S. 220 (2005).  *See, e.g.*, *United States v. Coleman*, 370 F. Supp. 2d 661, 669 (D. Ohio 2005) (stating that "[t] he viability of *Watts* . . . was questioned by Justice Stevens' . . . majority opinion in *Booker*"); *United States v. Gray*, 362 F. Supp. 2d 714, 721 (S.D.W.Va. 2005) ("The reasoning in *Watts* . . . was drawn into serious question by the constitutional majority [opinion] in *Booker*.").

In the principal opinion in *Booker* on the constitutionality of the federal Sentencing Guidelines, Justice Stevens described *Watts* as "present[ing] a very narrow question regarding the interaction of the Guidelines with the Double Jeopardy Clause" and as having not had "the benefit of full briefing or oral argument." 543 U.S. at 240 n.4.  For those reasons, it was "unsurprising that [the Court] failed to consider fully the issues presented to us in these cases."  *Id*.  Yet, Justice Stevens' conclusion that *Watts* is not "inconsistent with today's decision" supports the determination that *Watts* remains good law.  *Id*. at 240.  In any event, whether *Watts* survives *Booker* is not for a federal court of appeals to decide.  *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (stating that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").  Therefore, until the Supreme Court expressly overrules *Watts*, we are obligated to apply its holding to this case and rule that Neal's stolen firearm argument lacks merit at this time.

6

possession of a stolen firearm.

Neal's contention that his sentence should have been adjusted under § 3E1.1 for acceptance of responsibility is also off the mark. As we have made clear, *see, e.g.*, *United States v. Ceccarani*, 98 F.3d 126, 129 (3d Cir. 1996), application note 1(b) to § 3E1.1 states that sentencing courts should consider, in addition to other factors, the defendant's "voluntary termination or withdrawal from criminal conduct or associations" in determining whether he has accepted responsibility. U.S.S.G. § 3E1.1 cmt. 1(b). It is undisputed here that Neal, despite warnings from probation officers and the District Court, "repeatedly returned to drug use, flouting federal and state laws, and the terms of [the] [C]ourt's orders of pretrial and presentence release." Neal's continued abuse of cocaine subsequent to conviction but prior to sentencing countermands any inclination to determine that he is eligible for an acceptance of responsibility adjustment.

\* \* \* \* \*

We, therefore, affirm the judgment of conviction and sentence. We also grant counsel's motion to withdraw.