United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41768

_____

UNITED STATES OF AMERICA
Plaintiff-Appellee

versus

JOSE ROBLES-RODRIGUEZ
Defendant-Appellant

_____

Appeal from the United States District Court for
the Southern District of Texas

(05-CR-30)

_____

Before GARWOOD, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Jose Robles-Rodriguez appeals the district court's determination that his offense of knowing possession in a federal correctional facility of a prohibited object, in violation of 18 U.S.C. §§ 1791, constitutes a crime of violence for the purposes of U.S.S.G. § 4B1.2. For the reasons below, we affirm.

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Mr. Robles is presently an inmate at a federal prison in Texas. At the time of the offense at issue, Robles had prior convictions for delivery of cocaine and assault with a deadly weapon. On October 24, 2004, he failed to clear a metal detector and was searched. A prison employee found a six-inch metal "shank" - a piece of metal with tape on one end and sharpened to a point on the other, designed and intended to be used as a weapon - concealed in Robles's left sleeve. Robles claimed he had the shank for self-protection.

Robles pleaded guilty to one count of knowing possession in a federal correctional facility of a prohibited object. See 18 U.S.C. §§ 1791(a)(2), (b)(3), (d)(1)(B). Robles's presentence investigation report (PSR) enhanced his base offense level from 13 to 17, based on the determination that the instant offense placed Robles into the category of "career offender" under U.S.S.G. §§ 4B1.1 and 4B1.2, since he had two prior felony convictions for either a crime of violence or a controlled substance offense. Robles objected, on the grounds that his instant offense was not a crime of

violence under U.S.S.G. § 4B1.2.

The district court overruled the objection and determined that the offense qualifies as a crime of violence because it presented a serious potential risk for physical injury to another. It also, however, granted a reduction in Robles's criminal history category because it found the advisory range overstated the seriousness of his criminal history. The district court then sentenced Robles to 33 months of imprisonment. Robles timely appealed.

The question of whether a defendant's prior conviction can be classified as a violent felony for the purposes of applying the Sentencing Guidelines is a question of law subject to de novo review. United States v. Charles, 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc). Because Robles objected at sentencing, his case is subject to harmless error review. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

U.S.S.G § 4B1.1(a)(2) classifies a defendant as a career offender where, after commission of two prior qualifying offenses, the present offense is either a

crime of violence or a controlled substance offense. A crime may be classified as a crime of violence where, inter alia, "by its nature, [it] present[s] a serious potential risk of physical injury to another.[2] U.S.S.G. § 4B1.2(a)(2); U.S.S.G. § 4 B1.2 comment, n.1 . To make such a determination, this court applies the categorical approach, which requires it to look the face of the indictment to determine if "the crime charged or the conduct charged presents a serious potential risk of injury to a person." Charles, 301 F.3d at 314. When a statute provides alternative methods of committing an offense (as 18. U.S.C. § 1791 does), the court may look to the charging papers to determine the method used in a particular case. United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (en banc) (". . . [w]e may look to charging papers to see which of the various statutory alternatives are involved in the particular case . . ."). The court must apply a least culpable

---

[2] A crime may also be labeled a crime of violence where it has as an element the use of physical force against another or falls within a list of enumerated offenses. U.S.S.G. §§ 4B1.2(a)(1),(2). The district court did not rely on either of these in applying the guidelines, however.

means analysis, which requires the court to determine whether the charged offense could be committed in any fashion without a serious potential risk of physical injury to another. See United States v. Montgomery, 402 F.3d 482, 487-88 (5th Cir. 2005) (holding that a crime could not be a crime of violence where there were "numerous ways that this statute can be violated without posing a significant risk of physical harm").

The indictment in this case specifies that Robles was convicted under 18 U.S.C. §§ 1791(a)(2) and (d)(1)(B). That statute criminalizes possession by an inmate of

> marijuana or a controlled substance in schedule III, other than a controlled substance referred to in subparagraph (C) of this subsection, ammunition, a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon or to facilitate escape from a prison[.]

18 U.S.C. §1791(d)(1)(B). The indictment reveals that the count to which Robles pleaded was knowing possession of a prohibited object "designed and intended to be used as a weapon[.]" Thus the question in Robles's case is whether, by its nature, the knowing possession of such

5

an object by an inmate, presents a serious risk of physical injury to another.

We have not yet squarely addressed this question; although we have already held that an escape or an attempt to escape from U.S. custody in a prison camp constitutes a crime of violence under U.S.S.G. § 4B1.2. United States v. Ruiz, 180 F.3d 675, 676-77 (5th Cir. 1999) (holding as above despite the fact that defendant "simply walked away[,]" no guards were armed, and no physical barriers prevented escape). In so holding, we approved of the Tenth Circuit's reasoning behind such a classification:

> "[E]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so. . . . Indeed, even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody."

Ruiz, 180 F.3d at 677 (quoting United States v. Mitchell, 113 F.3d 1528, 1533 (10th Cir. 1997)(quoting United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir. 1994))).

The other circuits that have considered the question at hand all agree that a possession of a prohibited weapon while in prison is a crime of violence under the sentencing guidelines. See United States v. Kenney, 310 F.3d 135, 137 (3d Cir. 2002) (possession of a razor meant to be used only against the inmate himself, not others); United States v. Vahovick, 160 F.3d 395, 397 (7th Cir. 1998) (possession of five sharpened pencils, bound together with tape and used to stab another); U.S. v. Thomas, 2006 WL 1545508 at *2 (10th Cir. June 7, 2006) (possession of a shank); see also United States v. Young, 990 F.2d 469, 472 (9th Cir. 1993) (possession of a shank in violation of California statute prohibiting possession of deadly weapons in prison is a crime of violence under the Guidelines); United States v. Romero, 122 F.3d 1334, 1340-41 (10th Cir. 1997) (conveyance of a revolver in prison in violation of 18 U.S.C. § 1791 (1984) constitutes a crime of violence under 18 U.S.C. § 924(e)(2)(B), which uses identical language to that in the Guidelines); United States v. Patton, 114 F.3d 174, 177 (11th Cir. 1997) (conveyance of an 11.5 inch

homemade knife under 18 U.S.C. § 1792 (1982) constitutes a crime of violence under the Guidelines). The Third Circuit has drawn a clear parallel between the instant crime and a prior opinion that held that a felony conviction for escape was for a crime of violence. Kenney, 310 F.3d at 137 (citing United States v. Luster, 305 F.3d 199, 200 (3d Cir. 2002)).[3] We agree with the above reasoning, and hold that knowing possession of a prohibited object designed and intended to be used as a weapon constitutes a crime of violence under the Sentencing Guidelines.

Robles urges that the potential risk of injury inherent in his crime is "attenuated". He argues that his crime should be considered more akin to unlawful possession of a firearm by a felon (outside of prison), which we have held is not a crime of violence. We decline to adopt this line of reasoning. In doing so, we agree with the law of our sister circuits, which emphasizes the fact that the possession offense occurs

---

[3] Note that in Luster, the Third Circuit relied on the same language out of the Tenth Circuit that we relied on in Ruiz. Luster, 305 F.3d at 202 (citing Gosling, 39 F.3d at 1142 and Ruiz, 180 F.3d at 677).

in prison, rather than in the outside world. That fact creates a perpetual risk of injury and precludes any legitimate reasons that a non-incarcerated individual could have for possessing a weapon (e.g., recreation). See Vahovick, 160 F.3d at 397 (holding "there is simply no acceptable use for a weapon by an inmate in a prison for there always exists in such possession the serious potential risk of physical injury to another" and distinguishing the crime from unlawful possession outside of prison because "prisons are inherently dangerous places and they present unique problems"); Young, 990 F.2d at 472 ("The confines of prison preclude any recreational uses for a deadly weapon and render its possession a serious threat to the safety of others."); Romero, 122 F.3d at 1341 (quoting and agreeing with the above language in Young); Patton, 114 F.3d at 177 (". . . such an action, when it occurs inside a federal prison where conditions require heightened security, carries with it a serious risk of physical injury"). We agree: an inmate's possession, while in prison, of an instrument designed and intended to be used as a weapon,

9

carries with it the same inherent potential to "explode into violence" that drove our holding in <u>Ruiz</u>.

Accordingly, we conclude that the offense at issue committed by the defendant in this case was correctly judged to be a violent felony and that his sentence was justifiably enhanced under the sentencing guidelines. For these reasons, the judgment of the district court is AFFIRMED.