

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# USA v. Grant

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Grant" (2007). *2007 Decisions.* Paper 987.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/987

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2503
_____

UNITED STATES OF AMERICA

v.

ROBERT L. GRANT,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00257)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before: FISHER and ROTH, *Circuit Judges*, and RAMBO,[*] *District Judge*.

(Filed: June 7, 2007)

_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Sylvia H. Rambo, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Robert L. Grant pleaded guilty to possessing with the intent to distribute and distributing less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and was sentenced to 151 months imprisonment followed by 3 years of supervised release. He now appeals the District Court's determination that he was a career offender under the United States Sentencing Guidelines ("Guidelines") § 4B1.1, and contends that his sentence is unreasonable. For the reasons that follow, we will affirm the sentence imposed by the District Court.

I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On April 21, 2004, detectives with the Pennsylvania State Police arranged a drug purchase between Grant and a confidential informant. The police recorded a conversation between the two during which they discussed how the informant was to obtain three ounces of heroin from Grant in exchange for $7,500. Later that day, surveillance agents watched the informant obtain the heroin from Grant's car in a mall parking lot. As Grant began to drive away, detectives arrested him. Lab tests confirmed that 84.8 grams of heroin were involved in the transaction.

On October 7, 2004, a grand jury returned a one-count indictment against Grant, charging him with possessing with the intent to distribute and distributing less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). After initially pleading not guilty, Grant changed his plea to guilty on December 12, 2005.

2

During sentencing, the District Court determined that Grant's offense level was 29 and his criminal history category was level VI. The latter determination was reached in part because the District Court classified Grant as a career offender since his record contained, among other things: (1) a 1992 guilty plea for one count of possession with the intent to deliver heroin, (2) a 1994 felony charge for escaping from a halfway house to which he had been sentenced, (3) a 1996 simple assault conviction, and (4) a 1998 felony escape charge for failing to return to a halfway house where he had been an inmate. Given his criminal history and offense levels, the advisory Guidelines range for Grant's crime was 151 to 188 months. After a sentencing hearing, the District Court sentenced him to 151 months imprisonment followed by 3 years of supervised release. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). When reviewing a sentence imposed by a district court, we review its factual findings for clear error, overturning them only where a review of the entire record provides a "definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 U.S. 556, 570 (3d Cir. 2007) (en banc) (internal quotation marks and citations omitted). We exercise plenary review over a district court's interpretation of the Guidelines and constitutional determinations, *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006), and we review the ultimate sentence imposed for reasonableness, *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

3

III.

Grant's first argument on appeal is that the District Court erred in finding that he was a career offender under the Guidelines. Specifically, he contends that his convictions for simple assault and escaping from a halfway house do not constitute "crimes of violence" under the Guidelines. Section 4B1.1 of the Guidelines provides that a defendant is to be considered a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. The term "crime of violence," in turn, is defined under the Guidelines as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>     (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

Under this definition, we have previously held that both a conviction for simple assault under Pennsylvania law and a conviction for escape from a halfway house under Pennsylvania law constitute convictions for "crimes of violence" for career offender purposes under the Guidelines. *United States v. Dorsey*, 174 F.3d 331, 333 (3d Cir. 1999) (simple assault); *United States v. Luster*, 305 F.3d 199, 201-02 (3d Cir. 2002) (escape

4

from a halfway house). Grant implores us to reconsider these holdings based on subsequent cases, but we are not persuaded. The opinions on which he relies, including *Leocal v. Ashcroft*, 543 U.S. 1 (2004), base their reasoning on statutory language that does not include within the scope of a "crime of violence" an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a). Because we have previously concluded that the crimes of simple assault and felony escape under Pennsylvania law include such a risk, Grant's arguments are unavailing.

Next, Grant argues that the sentence imposed by the District Court is unreasonable. Specifically, he contends that the Guidelines range obtained considering his career offender status overstated the seriousness of his criminal history, and that the District Court should have imposed a sentence closer to the Guidelines range without that enhancement. We disagree. The District Court clearly articulated its belief that the sentence was reasonable given the substantial length of Grant's criminal record:

> While it may be that other more serious crimes can also constitute predicate crimes of violence for purposes of Section 4B1.1, that does not lessen the significance of [Grant's] prior convictions. The fact remains that [Grant] has four convictions for crimes of violence or controlled substance offenses as defined by the [G]uidelines which is twice the number of such convictions required to render [him] a career offender. His criminal history is serious . . . .

In addition, the District Court noted that Grant "has five additional adult convictions for which he received no criminal history points." Given this, and given that the District Court "gave meaningful consideration to the § 3553(a) factors" and "sentencing grounds

5

properly raised by the parties which have recognized legal merit and factual support in the record," *Cooper*, 437 F.3d at 329, 331, we cannot conclude that Grant's sentence is unreasonable.

IV.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.