

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2008

# USA v. Hopkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hopkins" (2008). *2008 Decisions.* Paper 1608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-5091

———

UNITED STATES OF AMERICA

v.

GEORGE HOPKINS,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00064)
District Judge: Honorable Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before: SLOVITER, SMITH, and STAPLETON, Circuit Judges.

(Filed: February 13, 2008)

———

OPINION

———

SLOVITER, Circuit Judge.

## I.

George Hopkins, who was serving a sentence in the Dauphin County Work Release Center during the summer of 2005, failed to return to the Center as required, and a warrant issued for his arrest. On September 13, 2005, a friend drove Hopkins to the Center and went inside to retrieve Hopkins' personal belongings while Hopkins waited in the vehicle. Dauphin County Probation Officers saw Hopkins and approached the vehicle to arrest him on the outstanding warrant. As Probation Officer Joseph Shockley attempted to arrest him, Hopkins "produced a .22 caliber handgun and fired one shot at Shockley." PSR at ¶ 4. The bullet grazed Shockley's back, but he was not injured. The officers arrested Hopkins and took him to Dauphin County Prison, where Hopkins was found in possession of 8.6 grams of crack cocaine during a routine search.

Hopkins was charged in a two-count indictment with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 10, 2006, Hopkins pled guilty to Count I, possession with intent to distribute five grams or more of cocaine base. The government agreed to recommend a three-level reduction for acceptance of responsibility and agreed to move to dismiss Count II following sentencing.

The Probation Office calculated Hopkins' United States Sentencing Guidelines

("U.S.S.G.") range according to the November 1, 2005 Sentencing Guidelines Manual. The Probation Office determined Hopkins' range to be 188 to 235 months imprisonment based upon a total offense level of 31 and a criminal history category of VI. Because Hopkins had 21 criminal history points, he would have had a category VI criminal history even if he was not deemed a "career offender."

Pursuant to U.S.S.G. § 2D1.1(c), an offense involving at least five grams but less than twenty grams of crack cocaine results in a base offense level of twenty-six. Because Hopkins possessed a dangerous weapon, a two-level increase was required pursuant to U.S.S.G. § 2D1.1(b)(1). The Probation Office added six levels pursuant to U.S.S.G. § 3A1.2(c)(1) because Hopkins assaulted a law enforcement officer during the course of the offense, resulting in an adjusted offense level of 34. After subtracting three levels for acceptance of responsibility, Hopkins' total offense level was 31. The Probation Office also conducted an alternative calculation based upon the determination that Hopkins was a career offender. Pursuant to U.S.S.G. § 4B1.1, the base offense level for him was 34. The Probation Office then subtracted three levels for acceptance of responsibility, resulting in a total offense level of 31. Thus, whether the victim enhancement is applied under U.S.S.G. § 3A1.2 or whether the career offender adjustment is applied under U.S.S.G. § 4B1.1, the total offense level is the same.

The District Court denied Hopkins' objections and adopted the factual findings and U.S.S.G. calculations set forth in the PSR. The Court sentenced Hopkins to 188

3

months imprisonment and a four-year term of supervised release.

On appeal, Hopkins argues (1) that the career offender enhancement does not apply because his escape conviction relied upon as a predicate offense was a non-violent "walkaway" misdemeanor escape, and (2) that the official victim enhancement should not apply because the offense of conviction was the drug charge, not the firearms charge, and there are no "victims" of drug crimes for purposes of the U.S.S.G..[1]

## II.

Hopkins is a career offender if he: (1) was at least eighteen years old when the instant offense occurred; (2) the instant offense of conviction is a violent felony or a controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2005). The first two requirements are met here and are not at issue. In addition, Hopkins does not contest he has one prior qualifying predicate offense for misdemeanor simple assault. The only issue is whether Hopkins' conviction for second degree misdemeanor escape pursuant to 18 Pa. Cons. Stat. Ann. § 5121 qualifies as a "crime of violence."

A "'crime of violence' means any offense under federal or state law, punishable by

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's interpretation and application of a particular U.S.S.G. provision de novo and its factual findings for clear error. United States v. Zats, 298 F.3d 182, 185 (3d Cir. 2002).

4

imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S. Sentencing Guidelines Manual § 4B1.2 (2005). A "prior felony conviction" is any "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2005). Under Pennsylvania law, a misdemeanor in the second degree is punishable by two years imprisonment. 18 Pa. Cons. Stat. Ann. § 106(b)(7). It follows that even though Hopkins' offense was classified as a second degree "misdemeanor," it carried a term of imprisonment of more than one year and therefore qualifies as a "prior felony conviction" under the Sentencing Guidelines.

"Whether a particular crime constitutes a crime of violence is a question of law . . . ." United States v. Luster, 305 F.3d 199, 200 (3d Cir. 2002) (citation omitted). Pursuant to 18 Pa. Cons. Stat. Ann. § 5121(a), "[a] person commits an offense [of escape] if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave . . . ." We have held that, as a matter of law, the crime of escape, even a "walkaway" escape, is a crime of violence because it is a continuing crime in which "violence could erupt at any time." Luster, 305 F.3d at 202 (citation and quotation omitted). A sentencing court is not required to look to the underlying conduct or whether the defendant actually used any violence; the crime of

5

escape by its very nature "presents a serious potential risk of physical injury to another." Id. Although Hopkins argues that a categorical approach in characterizing escape as a crime of violence is incorrect, we are bound by our precedent.

Because the District Court correctly applied the career offender enhancement in U.S.S.G. § 4B1.1, it correctly determined Hopkins' base offense level to be 34, less three points for acceptance of responsibility, resulting in a total offense level of 31. Accordingly, there is no need to consider the six-level official victim enhancement because even if the Court incorrectly analyzed the official victim enhancement, Hopkins' sentence would have been the same. See PSR ¶¶ 9-19.

We note, in any event, that Hopkins was committing the offense of possession with intent to distribute crack cocaine when he assaulted Officer Shockley by firing his handgun, grazing Shockley's back. The official victim enhancement Guideline does not limit the enhancement to the offense of conviction. Rather, it explicitly provides that the enhancement is meant to apply in the course of another offense, as, in this case, the possession with intent to distribute crack cocaine offense. The applicability of the official victim enhancement is not foreclosed because there is typically no "victim" in a possession with intent to distribute charge. In this particular case, Hopkins fired a handgun at the officer attempting to arrest him and caused a substantial risk of bodily harm. That is relevant conduct that occurred "in the course of attempting to avoid detection or responsibility" for the offense of conviction. U.S. Sentencing Guidelines

6

Manual §§ 1B1.3(a) (2005).  Thus, the District Court correctly applied the official victim enhancement.

## III.

For the above stated reasons, we will affirm the judgment of conviction and sentence.

_____