OPINION
PER CURIAM.
Before us on remand is Ali Hussein Addo’s petition for review of an order of the Board of Immigration Appeals (BIA), which found him to be removable as an alien who had committed an aggravated felony. On June 28, 2007, -Fed.Appx. -, 2007 WL 1852264, we entered judgment denying the petition for review. Addo filed a petition for a writ of certiorari with the United States Supreme Court. On January 21, 2009, — U.S. -, 129 S.Ct. 991, 173 L.Ed.2d 284, the Supreme Court granted his petition, vacated our judgment in this case and remanded the proceeding to our Court for further consideration in light of Chambers v. United States, 555 U.S. -, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009). For the reasons that *673 follow, we will grant the petition for review.
I.[1]
Addo was admitted to the United States as a non-immigrant in 1982, and adjusted to permanent resident status in 1984. He pleaded guilty to bank fraud in 1998, and in July 2002 was convicted of escape, a felony, in violation of 18 U.S.C. § 751(a). An Immigration Judge (IJ) found him removable for having committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F), holding that the escape conviction was a crime of violence. A.R. 374-80.[2] Addo argued that his crime was not a crime of violence. He also contended that he was a U.S. citizen, based on a naturalization petition that he filed in 1987. The record contains a document showing that Addo withdrew the petition on November 17, 1989, A.R. 91; but Addo contends that the signature on the withdrawal is not his. The IJ ordered a forensic evaluation, which was inconclusive as to whether the signature was Addo’s. A.R. 230.[3] The IJ found that Addo had not established his citizenship claim. A.R. 109 [4]
On appeal, the Board of Immigration Appeals (BIA) found that Addo failed to prove that he was a U.S. citizen. The BIA noted that the records showed that Addo had withdrawn his naturalization application, and stated that even if he had not withdrawn the application, it would have been denied because he was no longer eligible for naturalization. The BIA noted that the record in fact contained a document showing that the application was denied, but that the denial never went into effect because the application had been withdrawn. The BIA found that the IJ did not err in refusing to recuse herself on Addo’s motions, as the record did not reflect that the IJ was biased. The BIA further held that under the law of this Court, Addo’s conviction for escape was a crime of violence, and therefore an aggravated felony. A.R. 18-21.[5] Addo timely filed a petition for review.
II.
In our prior opinion, we held, relying on our precedential decision in United States v. Luster, 305 F.3d 199, 202 (3d Cir.2002),[6] that Addo’s escape conviction was a crime of violence, and therefore an aggravated felony. We also found that we had juris *674 diction to consider whether Addo was an alien. After reviewing the record, we found no genuine issue of material fact, and held that Addo had not met the burden of proving that he was a United States citizen. We dismissed Addo’s petition for review. As noted above, Addo filed a petition for a writ of certiorari. The Supreme Court granted the petition, vacated this Court’s earlier decision, and remanded for further consideration in light of Chambers. The Government has filed a motion to remand the petition to the BIA. Addo has filed a response in opposition to a remand.
The Government argues that the matter should be remanded for two reasons. First, it argues that the matter should be remanded to “give the BIA the opportunity to interpret the INA [Immigration and Nationality Act] in the first instance.” It argues that the “BIA’s interpretation of the aggravated felony provision in light of Chambers will aid this Court’s review....” However, this Court noted in Singh v. Gonzales, 432 F.3d 533, 538 (3d Cir.2006), that “[t]he BIA’s interpretation of 18 U.S.C. § 16[7] is not entitled to deference by this Court: as a federal criminal provision outside the INA, it lies beyond the BIA’s area of special expertise.” Because the record contains all the information necessary to determine whether Addo’s escape conviction was a crime of violence, it is proper for this Court to make the determination.
The Government’s second argument is that the matter should be remanded because “the BIA could moot the issue of whether felony escape is an aggravated felony under the INA,” as it could find Addo removable for bank fraud and/or passport fraud. The Government originally charged Addo as being removable for these crimes, but had to withdraw the charges, as the convictions were on direct appeal. A.R. 18. However, the issue before this Court is whether the only conviction that was charged is an aggravated felony. The Government cites no authority for remanding the matter to the BIA to give the Government a chance to refile the withdrawn charges. Of course, the Government can serve Addo with a new Notice to Appear based on his other crimes if it chooses to do so.
Addo argues in his response that the matter should not be remanded to the BIA. He also argues that because he raised his citizenship claim in his petition to the Supreme Court, and because they granted his petition, the Supreme Court must have concluded that he is a naturalized citizen. He asks this Court to certify that he was naturalized on November 17, 1989. While we agree with Addo that there is no reason to remand this petition to the BIA, we do not agree that the Supreme Court’s order has any effect on his citizenship claim. The Supreme Court’s order is not a decision on the merits of Addo’s claims, but simply gives this Court an opportunity to reconsider the claims in light of a recent decision. See Lawrence on Behalf of Lawrence v. Chafer, 516 U.S. 163, 167-168, 116 S.Ct. 604, 133 L.Ed.2d 545 (1996) (where recent development reveals reasonable probability that decision below rests on premise that court might reject if given opportunity for further consideration, order granting certiorari, vacating lower court order, and remanding may be appropriate); see also United States v. Miller, 492 F.2d 37, 40 (5th Cir.1974) (when Supreme Court vacates and remands case for reconsideration in light of one of its opinions, that action does not imply any particular result because “had [a particular result] been the *675 [Supreme] Court’s desire, certiorari could have been granted and this case summarily reversed on the authority of [the opinion in light of which this Court was to reconsider the case], rather than being remanded for further consideration”). We deny the Government’s motion to remand, and will reconsider the merits of Addo’s claims.
III.
We note that the Supreme Court’s decision in Chambers does not concern naturalization or citizenship claims. We see no reason to revisit our earlier decision that Addo is not a naturalized citizen. We reiterate our reasoning here.
We have jurisdiction to review Addo’s citizenship claim, 8 U.S.C. § 1252(a)(2)(D), (b)(5)(A), unless we determine that there is a genuine issue of material fact, in which case the district court would do the fact-finding and decision-making, 8 U.S.C. § 1252(b)(5)(B). “In making de novo review by the district court hinge on the existence of genuine issues of material fact, ‘Congress intended the language to be interpreted similarly to that in [Federal Rule of Civil Procedure] 56.’ ” Jahed v. Acri, 468 F.3d 230, 233-34 (4th Cir.2006) (quoting Agosto v. INS, 436 U.S. 748, 754, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978)).
We find there is no genuine issue of material fact here. The record contains a petition for naturalization, initially dated 12/16/87, which in the “affidavit” section bears a signature and a date of the “25th day of November, 1988.” A.R. 240-43. The record also reflects that Addo was sent a paper informing him that he was to come to the Immigration and Naturalization Service (INS) for an appointment regarding “your petition for naturalization,” on November 17, 1989. A.R. 90. The record contains a signed “Request for Withdrawal of Petition for Naturalization,” also dated November 17, 1989. A.R. 91. Then we have Addo’s unsupported allegation that when he went to his interview on November 17, 1989, the examiner said he had two options; either the examiner could administer the oath of citizenship, or the court could administer the oath. Addo claims that he chose to have the examiner administer the oath, and that he was sworn in as a citizen then and there. A.R. 115-16. He claims that the signature on the document requesting withdrawal of his naturalization petition is a forgery. A.R. 133-34. Results from the Government’s forensic laboratory regarding whether the signature on the withdrawal was Addo’s were inconclusive. A.R. 230.
Even assuming that Addo’s allegations are true, we would find that he had not met his burden of showing that he is a U.S. citizen. Pursuant to 8 U.S.C. § 1448(a) (1989), “A person who has petitioned for naturalization shall, in order to be and before being admitted to citizenship, take in open court an oath .... ” Addo does not allege that he ever took an oath in open court; thus, he was never admitted as a citizen of the United States.[8] A.R. 115-16. See Okafor v. Attorney General, 456 F.3d 531, 534 (5th Cir.2006) (alien who signed document containing oath of renunciation and allegiance required of all applicants for naturalization, but who did not take oath in public ceremony, had not met requirements for becoming naturalized citizen); Tovar-Alvarez v. Attorney *676 General, 427 F.3d 1350, 1353 (11th Cir.2005) (same). We thus find that Addo is an alien, and we turn to his claim that his escape conviction is not an aggravated felony.
IV.
Chambers held that a defendant’s prior conviction under Illinois law for failure to report to a penal institution was not a “violent felony” under the terms of the Armed Career Criminal Act (ACCA). The question here is whether this holding affects this Court’s prior determination in the instant case that Addo’s escape conviction was a crime of violence under 18 U.S.C. § 16, and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). Because Addo’s conviction cannot be classified as a crime of violence, we will grant the petition for review.
The Court in Chambers confirmed that the proper analysis involves the categorical approach, as explained in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 16-17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Chambers, 129 S.Ct. at 690. The Court examined the Illinois statute in question, and found that it set forth at least two separate crimes: escape from custody, and failure to report. Id. at 691. The Court cited Shepard for the proposition that a “sentencing court may look, for example, to [a] charging document, plea agreement, jury instructions, or [a] transcript of [a] plea colloquy to determine [the] crime at issue.” Id. citing Shepard, 544 U.S. at 25, 125 S.Ct. 1254. The Court then examined the state-court information and found that Chambers had pleaded guilty to “knowingly failing] to report” for imprisonment. Id. The Court determined that the crime of a failure to report “amounts to a form of inaction, a far cry from the purposeful, violent and aggressive conduct potentially at issue when an offender” commits other crimes explicitly set forth in the ACCA statute, such as burglary or use of explosives. Id. at 692 (internal quotation and citation omitted). The Court also examined a United States Sentencing Commission report, and noted that out of 160 cases involving failure to report over two years, none involved violence. Id. The Court concluded that “failure to report” was outside the scope of the ACCA’s definition of “violent felony.” Id. at 693.
Applying the approach in Chambers, we first examine the statute under which Addo was convicted to determine if it contains more than one crime, and, if so, then determine the crime of which Addo was convicted. Addo was convicted of escape under 18 U.S.C. § 751(a).[9] “[E]seape from federal custody as defined in § 751(a) is a continuing offense and ... an escapee can be held liable for failure to return to custody as well as for his initial departure.” United States v. Bailey, 444 U.S. 394, 413, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); see also United States v. Pearson, 553 F.3d 1183, 1186 (8th Cir.2009) (§ 751(a) includes escape and failing to return to custody).
Where, as here, the conviction in question followed a bench trial, a court looks to the trial judge’s formal rulings of law and findings of fact to determine whether the offense was a crime of violence. Shepard, 544 U.S. at 20-21, 125 S.Ct. 1254. The judgment of conviction in Addo’s escape conviction shows that the trial judge adopted the factual findings of the presentence report. A.R. 307. The pre sentence report states that Addo, who had been transferred to a community treatment center, signed out to a job search and failed to return. A.R. 312. Because Addo’s convie *677 tion is for a “failure to report,” it would not constitute a “violent felony” under the ACCA.
Although the Government notes that different terminology is at issue here; ie., whether Addo was convicted of a “crime of violence,” rather than whether the crime was a “violent felony,” the Government did not advance any argument concerning how a crime could be construed as a crime of violence for immigration purposes when it is not considered “violent” for purposes of the ACCA. The BIA here found that Addo’s escape was a crime of violence under 18 U.S.C. § 16(b), which requires that the crime be one that “by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” But the Supreme Court found that a failure to report crime does not involve a “serious potential risk of physical injury,” Chambers, 129 S.Ct. at 692. The inquiry under § 16(b) and under the ACCA are analogous—if there is no serious potential risk of physical injury, there is not likely to be a serious risk that physical force will be used. See Jimenez-Gonzalez v. Mukasey, 548 F.3d 557, 562 (7th Cir.2008) (noting that “[djespite the slightly different definitions,” the Supreme Court used similar logic in finding in Leocal v. Ashcroft, 543 U.S. 1, 10 n. 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), that drunk driving is not a crime of violence under § 16(b), and in finding in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008), that drunk driving was not a violent felony under the ACCA); Cf. Hopkins, 577 F.3d at 511 (finding violent felony definition under ACCA sufficiently similar to definition of crime of violence under § 4B 1.2(a) of the United States Sentencing Guidelines so that authority interpreting one could be applied to the other). We therefore hold that Addo’s escape conviction is not a crime of violence, and is thus not an aggravated felony.
For the foregoing reasons, we will grant the petition for review.

. We repeat our recitation of facts from our now-vacated opinion. As noted there, because the parties are already familiar with the facts of this case, we limit our discussion to those facts essential to our decision.

. Record citations are to the electronic administrative record filed in this case on February 7, 2007.

. In the meantime, on November 3, 2003, Addo filed a complaint in the United States District Court for the Northern District of California, asking that Court to declare that he was a U.S. citizen. On January 25, 2005, that court granted the Government's motion for summary judgment, finding that it lacked jurisdiction to consider Addo's citizenship claim because there was no agency decision denying his naturalization petition. A.R. 368-70.

. The IJ also denied Addo's motions to disqualify the IJ. A.R. 375-76.

. Addo also filed a motion to reopen before the BIA, which was denied as untimely on December 14, 2006. A.R. 1-6. Addo has not petitioned for review of that decision.

. This Court recently noted that our holding in Luster characterizing a walk-away crime as an escape and therefore a crime of violence is "in conflict with” Chambers' holding that "the crime of ‘failure to report’ does not by its nature present a serious risk of physical injury to another.” United States v. Hopkins, 577 F.3d 507, 512 (3d Cir.2009).

. Whether a conviction is for a "crime of violence” and thus an "aggravated felony” is determined by reference to 18 U.S.C. § 16. See 8 U.S.C. § 1101(a)(43)(F).

. The IJ noted that in 1989 only a federal court could administer the oath of citizenship. A.R. 115-16. In 1990, the statute was amended to provide that the oath could be taken "in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title,” but, as is clear from the words of the statute, even though the Attorney General could administer the oath, it was only in conjunction with a public ceremony. See also 8 C.F.R. 337.2(a); 8 C.F.R. § 337.9(a).

. The Government incorrectly states that Addo was convicted of a state escape offense.