**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4702**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS DEMORIS DARDEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-04-46)

Submitted:  May 31, 2006                     Decided:  June 9, 2006

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlos Demoris Darden pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to the statutory maximum term of 120 months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he assaulted a police officer in a manner that created a substantial risk of serious bodily injury, U.S. Sentencing Guidelines Manual § 3A1.2(b)(1) (2003).[1]  We affirm.

On January 25, 2004, Carlos Darden's wife obtained a warrant for his arrest, charging that he had assaulted her at a coin laundry.  She reported that he was armed with two handguns. According to Officer Shawn Brock's report of what followed, Brock drove by Darden's house and saw Darden walking through the back yard.  Darden fled on foot, and Brock pursued him.  While they were running, Brock saw Darden getting something out of his coat pocket. Brock drew his service revolver.  Darden turned around and pointed a revolver at Brock for approximately two seconds, then threw the gun at Brock and continued to run.  In his report of the incident, Brock stated that he thought Darden either tried to shoot, but the gun did not fire, or Darden saw that Brock's weapon was already aimed at him.

---

[1]Although Darden was sentenced in June 2005, the probation officer used the 2003 Guidelines Manual to avoid an Ex Post Facto problem.  See USSG § 1B1.11(b)(1).

Brock caught up to Darden and tackled him. While they struggled on the ground, Darden tried to take Brock's firearm out of its holster, and Brock kneed Darden in the side. Darden stood up and began to take something else out of his coat. Thinking it was the second gun, Brock again drew his revolver and pointed it at Darden's chest. As he was about to pull the trigger, Brock saw that Darden had a cell phone. Brock holstered his firearm, knocked Darden on the ground, and sprayed him with pepper spray. Despite the spray, Brock was unable to handcuff Darden, who escaped and ran down the street. After another officer arrived and assisted in taking Darden into custody, Brock retrieved the revolver that Darden had thrown at him. It had five rounds of ammunition in it. A second firearm was not found.

The probation officer calculated a base offense level of 24 under USSG § 2K2.1(a)(2), added a four-level enhancement under § 2K2.1(b)(5) for use of the firearm in connection with another felony (assault on the officer), and added a three-level adjustment under USSG § 3A1.2(b)(1) for creation of a substantial risk of serious bodily injury to a person Darden knew to be a law enforcement officer during the offense or immediate flight therefrom.[2]   With a three-level adjustment for acceptance of

---

[2]Application Note 4(A) to § 3A1.2 states that "subsection (b) applies in circumstances tantamount to aggravated assault . . . against a law enforcement officer  . . ."   As defined in Application Note 1 to § 2A2.2, "aggravated assault means a felonious assault that involved (A) a dangerous weapon with intent

responsibility, USSG § 3E1.1, the recommended offense level was 28. Darden was in criminal history category V, which gave him an advisory guideline range of 130-162 months. However, because the statutory maximum sentence for a violation of § 922(g)(1) is ten years, see 18 U.S.C. § 924(a)(2) (2000), the guideline range became 120 months. See USSG § 5G1.1(a).

At sentencing, Darden contested the recommended enhancement under § 2K2.1(b)(5) and the adjustment under § 3A1.2(b), arguing that Brock's report was not credible and that pointing a gun was, in any case, only a misdemeanor offense under North Carolina law.[3] The district court determined that Darden assaulted the officer and that both the four-level enhancement under § 2K2.1(b)(5) and the three-level adjustment under § 3A1.2 were warranted. After considering the advisory guideline range and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court imposed a sentence of 120 months imprisonment.

In this appeal, Darden contends that the district court erred when it increased his offense level by three levels under § 3A1.2(b) because his conduct did not create a substantial risk of

---

to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony."

[3]While simple assault or pointing a gun at a person is a misdemeanor, see N.C. Gen. Stat. Ann. §§ 14-33, 14-34 (2005), an assault on a law enforcement officer with a firearm is a felony. N.C. Gen. Stat. Ann. § 14-34.5 (2005).

serious bodily injury to the officer who arrested him. Darden concedes that he fled from the officer and resisted arrest, but asserts that he did not point his gun at Officer Brock except briefly, in the act of throwing the gun away, and that such conduct does not constitute aggravated assault. Darden also claims that the district court failed to adequately resolve the disputed factual issues, such as whether he pointed the gun at Brock with the intent to injure him. Without the contested adjustment, Darden's offense level would be 25 and the resulting advisory guideline range would be 100-125 months.

We review the district court's factual finding that Darden assaulted the officer in a manner that created a substantial risk of serious bodily injury for clear error. United States v. Harrison, 272 F.3d 220, 223 (4th Cir. 2001). We conclude that the district court's determination that an assault occurred and the adjustment was warranted encompassed the necessary findings that Brock's account was credible and that Darden pointed the gun at Brock. Although the district court did not determine whether Darden intended to do harm to Brock or merely to frighten him, we are satisfied that a confrontation between an armed officer and an armed suspect who is resisting arrest in which each points a loaded firearm at the other and the suspect tries to take the officer's weapon during a physical struggle presents a substantial risk of serious bodily injury.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>