NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  01-4318
_____

UNITED STATES OF AMERICA

v.

JOHN C. KENNEY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No.  99-cr-00280)
District Judge: Honorable James F.  McClure
_____

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2010

Before: HARDIMAN, GREENBERG and ROTH, *Circuit Judges*.

(Filed: August 20, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

John Charles Kenney filed a motion to recall the mandate that this Court issued on November 29, 2002, based on a change in the law. Although Kenney correctly notes that the law has changed, he is not entitled to a recall of the mandate. Accordingly, we will deny the motion.

I.

Because we write for the parties, we recount only the essential facts and procedural history. In 2001, a jury found Kenney guilty of possession of a weapon by an inmate in violation of 18 U.S.C. § 1791(a)(2). At sentencing, the District Court classified Kenney as a career offender after it determined that his crime of conviction constituted a crime of violence under § 4B1.2(a) of the United States Sentencing Guidelines (USSG). This designation resulted in an advisory Guidelines imprisonment range of 41 to 51 months. The District Court sentenced Kenney to 41 months imprisonment, to be served consecutively with Kenney's ongoing sentence.

Kenney appealed, claiming the District Court erred in treating him as a career offender because his conviction for violating 18 U.S.C. § 1791(a)(2) was not a crime of violence. We affirmed because "possession of a weapon in prison inherently, and accordingly by its nature, presents a serious potential risk of physical injury to other persons in prison." *United States v. Kenney* 310 F.3d 135, 137 (3d Cir. 2002) (internal quotation marks and citations omitted).

2

In 2003 Kenney filed a federal habeas petition. The District Court denied the petition in 2005 and Kenney did not appeal that decision to this Court. In 2008, however, the Supreme Court refined the meaning of the phrase "crime of violence" under the Armed Career Criminal Act, which contains a provision identical to USSG § 4B1.2(a). *Begay v. United States*, 553 U.S. 137 (2008). Following the Supreme Court's decision in *Begay*, we held that a conviction under 18 U.S.C. § 1791(a)(2) is not a crime of violence and that *Kenney* is no longer good law. *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009). A few months later, Kenney filed a motion to recall the mandate that issued on November 29, 2002.

## II.

We have the "inherent power" to recall the mandate, but that "power can be exercised only in extraordinary circumstances." *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998). In addition to the general limits on recalling the mandate, we are also bound by "the statutory and jurisprudential limits applicable in habeas corpus cases." *Id.* at 553.

We regard Kenney's motion to recall the mandate "as a second or successive application for purposes of [28 U.S.C.] § 2244(b)" because "[o]therwise, petitioners could evade the bar against relitigation of claims presented in a prior application, § 2244(b)(1), or the bar against litigation of claims not presented in a prior application, § 2244(b)(2)." *Calderon*, 523 U.S. at 553.[1] Although AEDPA did not apply in *Calderon* because the

---

[1] We determine whether a petition is "second or successive" by looking at "the judgment challenged." *Magwood v. Patterson*, __ U.S. __, 130 S.Ct. 2788, 2797 (2010).

Ninth Circuit acted *sua sponte* based on the initial petition, the Supreme Court still held that "a court of appeals must exercise its discretion in a manner consistent with the objects of the statute." *Id*. at 553-54.

Here, AEDPA applies to Kenney's motion because he has filed a successive petition. As such, we are bound by §§ 2244 and 2255, as well as our precedents applying them, in addition to the objects of the statute that bound the Court in *Calderon*. Under the relevant statutory provisions, Kenney can file a successive petition only if: (1) he comes forward with "newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" or (2) his claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." §§ 2255(h), 2244(b)(2). Even construing Kenney's *pro se* motion liberally, he cannot satisfy either requirement.

Our precedents preclude Kenney from satisfying subsection 1 based on a new statutory interpretation. *In re Dorsainvil*, 119 F.3d 245, 247 (3d Cir. 1997) (holding a new statutory interpretation cannot constitute "newly discovered evidence" under § 2255(h)(1)). Additionally, because *Begay* addressed a statutory, not a constitutional rule, Kenney's

Kenney is challenging the same judgment he challenged in 2003, so his petition is "second or successive." In contrast, Magwood's first petition was successful, so his later-filed petition was not "second or successive" because it challenged "a new judgment for the first time." 130 S.Ct. at 2792.

4

motion cannot satisfy subsection 2. *Cf. United States v. Lloyd*, 188 F.3d 184, 187 & n.8 (3d Cir. 1999) (holding an initial petition can be based on a new statutory right because the language is "broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions").

Even assuming, *arguendo*, that § 2255 is "inadequate or ineffective to test the legality of his detention," Kenney's motion is still insufficient under § 2241. § 2255; *see also Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002). In *Dorsainvil* we held that § 2241 can be used to challenge a conviction for a crime that was negated by an intervening change in the law. 119 F.3d at 249. But such relief is available only in "rare situations" where the crime of conviction was later deemed non-criminal. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2241 is not available for intervening changes in the sentencing law. *Id*. For example, we did not allow Okereke to proceed under § 2241 because his argument was based on *"Apprendi* [which] dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal." *Id*. at 120.[2]

---

[2] The Court of Appeals for the Eleventh Circuit has held that § 2241 applies even to sentencing claims, and therefore allowed an inmate in a position substantially similar to Kenney's to proceed to the merits of his claim. *Gilbert v. United States*, __ F.3d __, 2010 WL 2473560 (11th Cir. 2010). We reject that holding as contrary to *Okereke*. Furthermore, *Gilbert* reasoned that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided." 2010 WL 2473560, at *6. Therefore, it held that career offender enhancements should be treated the same as enhancements from non-capital to capital

5

Finally, our habeas jurisprudence also allows us to hear a successive petition to avoid a miscarriage of justice. *See, e.g., Calderon*, 523 U.S. at 558. This is a high bar under which we will not revisit the merits unless the petitioner makes a "strong showing of actual innocence." *Id*. at 558-59. Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Here, Kenney is claiming legal insufficiency—that he did not meet the legal definition of a career offender—not actual innocence. Therefore, he cannot satisfy the miscarriage of justice standard.

For the foregoing reasons, we will deny the motion to recall the mandate.

---

sentences, which can be reviewed under § 2241. *Id*. The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt. *United States v. Howard*, 599 F.3d 269, 271-72 (3d Cir. 2010) ("The government bears the burden of establishing by a preponderance of the evidence, prior convictions and career offender statuts."). In contrast, the enhancement to a capital sentence from a non-capital sentence must be proven to a jury beyond a reasonable doubt. *E.g., Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003) (citing *Bullington v. Missouri*, 451 U.S. 430 (1981)).