**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-7496**

———————

CARLOS DEMORIS DARDEN,

        Petitioner - Appellant,

    v.

D.R. STEPHENS,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:09-hc-02152-FL)

———————

Submitted:  March 31, 2011        Decided:  April 29, 2011

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carlos Demoris Darden, Appellant Pro Se.  Michael Gordon James, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Darden appeals the district court's judgment dismissing his 28 U.S.C.A. § 2241 (West Supp. 2010) petition for a writ of habeas corpus. We affirm.

Darden pled guilty in 2005 to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000) and was sentenced as a career offender pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003). He appealed, although he did not challenge his career offender enhancement. We affirmed. United States v. Darden, 184 F. App'x 353 (4th Cir. 2006) (unpublished). Darden filed a motion to vacate pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), but again, he did not challenge the validity of his career offender enhancement. The district court dismissed his motion to vacate, and we denied a certificate of appealability and dismissed. United States v. Darden, 269 F. App'x 255 (4th Cir. 2008) (unpublished).

Darden has now filed a petition for a writ of habeas corpus pursuant to § 2241. He argues that the Supreme Court's holding in Chambers v. United States, 555 U.S. 122 (2009), rendered one of his prior convictions no longer a crime of violence, and accordingly, not a proper predicate for his USSG § 2K2.1(a)(2) enhancement. The district court concluded that

2

his claim was beyond the reach of § 2255's savings clause and dismissed his petition. This appeal followed.

The savings clause of § 2255 allows a prisoner to pursue traditional habeas relief by petition under § 2241 when it appears that the remedy allowed by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention. We have held that § 2255 is inadequate or ineffective, and § 2241 may be used to attack a federal conviction when

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In addition to the language in Jones that refers only to the conduct of conviction, we have also noted that we have not "extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Darden argues, though, that we should extend the savings clause to reach his claims in light of Gilbert v. United States, 609 F.3d 1159 (11th Cir.), vacated, 625 F.3d 716 (11th Cir. 2010). In that case, a panel of the Eleventh Circuit concluded, under facts similar to these, that a petitioner was

3

able to challenge a sentencing enhancement using § 2241 based on a claim of "actual innocence" of the enhancement.

We note, however, that during the pendency of this appeal, the Eleventh Circuit has vacated its holding in Gilbert and set the matter for en banc rehearing. Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). In addition, the claim that Darden seeks to advance has been rejected by the Third Circuit, albeit in unpublished authority. See United States v. Kenney, 391 F. App'x 169 (3d Cir. 2010) (unpublished).

Because our cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction, and because the only case from a sister circuit holding to the contrary has been vacated, we decline to extend the reach of § 2255's savings clause. Accordingly we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED