FILED
United States Court of Appeals
Tenth Circuit

December 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIKEAL GLENN STINE,

                Petitioner - Appellant,

v.

BLAKE DAVIS, Warden, ADX
Florence,

                Respondent - Appellee.

No. 10-1217
(D.C. No. 10-CV-00977-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Mikeal Glenn Stine argues that his sentencing court mistakenly designated

him a career offender based on two prior escape convictions in violation of

*Chambers v. United States*, 555 U.S. 122 (2009). Because he seeks to challenge

the fact (or underlying legality) of his federal sentence (rather than how it is

executed), Mr. Stine has to pursue his claim under 28 U.S.C. § 2255. The

difficulty is that he previously tried and lost a § 2255 motion before *Chambers*

and he cannot now meet the requirements for a successive petition under

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 2255(h).  Seeking to work around this difficulty, Mr. Stine invokes § 2255(e), § 2255's so-called "savings clause."  That provision allows a petitioner to pursue a post-conviction petition under 28 U.S.C. § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention."

This court has said that the relevant question in assessing whether § 2255(e) applies and resort to § 2241 becomes permissible is whether "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion."  *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  Mr. Stine clearly fails this test.  A *Chambers*-type argument that his prior escape convictions did not merit a career offender enhancement was available to Mr. Stine at the time of his initial § 2255 motion.  The fact that *Chambers* itself was not decided until after Mr. Stine filed his initial § 2255 motion makes no difference.  Neither does the fact that Mr. Stine may have tried and lost a *Chambers*-type argument in his first § 2255 motion mean that it was an inadequate and ineffective remedial vehicle for challenging his detention.  *See Prost*, 636 F.3d at 585-89.

Neither would Mr. Stine's effort to invoke the savings clause fare better elsewhere under some other test.  "Every circuit to decide this issue" has held the savings clause inapplicable to sentence enhancement challenges like Mr. Stine's, even though the circuits employ somewhat different paths in arriving at their common conclusion.  *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir.

2011) (en banc); *see id.* at 1312-16 (reviewing sentencing challenge decisions from the Fifth, Sixth, and Third Circuits); *see also Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (unpublished); *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008). Thus, whether one looks to our own circuit law, or to the law of any other circuit to have confronted the question, it makes no difference: § 2255 is an adequate and effective means for testing the legality of a sentencing complaint such as Mr. Stine's. The district court thus properly held Mr. Stine's effort to invoke § 2241 impermissible and correctly dismissed his petition. Mr. Stine's motion to proceed *in forma pauperis*, and his motions requesting the court to take judicial notice are granted. The judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge